EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Carmelo E. Burgos González | 2015 TSPR 65 192 DPR ____ |
|---|---|

Número del Caso: TS-9353

Fecha: 24 de marzo de 2015

Programa de Educación Jurídica Continua:

       Lcda. Geisa Marrero
       Directora Ejecutiva

Materia: Conducta Profesional- La suspensión del abogado será efectiva el 30 de marzo de 2015, fecha en que se depositó en el correo la notificación de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In Re: | | |
| | | |
| Carmelo E. Burgos González | TS-9353 | |

*PER CURIAM*

En San Juan, Puerto Rico, a 24 de marzo de 2015.

Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal debido a su craso incumplimiento con los requisitos del Programa de Educación Jurídica Continua (PEJC), así como su indiferencia a los requerimientos del PEJC y de este Tribunal. No tenemos otra alternativa que decretar la suspensión indefinida del Lcdo. Carmelo E. Burgos González del ejercicio de la abogacía. Veamos los hechos que ameritan nuestra intervención.

I.

El licenciado Burgos González fue admitido al ejercicio de la abogacía el 2 de enero de 1990.[1] Surge de

---

[1] Surge del expediente que el licenciado Burgos González renunció al ejercicio de la notaría mediante carta de 12 de agosto de 1997. Dicha renuncia fue autorizada a través de nuestra Resolución de 24 de octubre de 1997, una vez tomamos conocimiento de que su obra notarial

su expediente personal que no satisfizo los requisitos del PEJC para el periodo de 1 de agosto de 2007 al 31 de julio de 2009. Es decir, no tomó ni acreditó haber tomado ningún curso de educación jurídica para dicho periodo. Por razón de su inobservancia, el 3 de septiembre de 2009 el PEJC le cursó un Aviso de Incumplimiento mediante el cual le informó de la situación y le concedió –entre otras alternativas– 60 días adicionales para que tomara los cursos y cumpliera con el periodo de referencia. Cabe mencionar que el licenciado Burgos González tampoco pagó la cuota relacionada al cumplimiento tardío.

Transcurrido el tiempo en exceso y sin tener noticias del licenciado Burgos González, mediante comunicación de 1 de septiembre de 2011 el PEJC lo citó para una vista informal a celebrarse el 23 de septiembre de 2011. En la alternativa, se le concedieron 10 días para que compareciera por escrito. El licenciado Burgos González no compareció a la vista citada ni presentó un escrito. Ante ello, el Oficial Examinador recomendó remitir el asunto a nuestra atención.

En consecuencia, el 10 de octubre de 2014 la Directora del PEJC, en representación de la Junta de Educación Jurídica Continua, presentó ante este Tribunal un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*. A través de dicho Informe

---

fue examinada, aprobada y entregada al Archivo General de Protocolos del Distrito Notarial de San Juan.

detalló los trámites que anteceden en cuanto al licenciado Burgos González y manifestó su preocupación por la actitud pasiva que éste había demostrado para cumplir con los requisitos del PEJC y atender sus comunicaciones. Aun así, la Directora del PEJC nos solicitó que le concediéramos al licenciado Burgos González un término final para cumplir con los requisitos del PEJC.[2]

En atención a ello, mediante Resolución de 31 de octubre de 2014, notificada el 7 de noviembre de 2014, le concedimos al licenciado Burgos González un término de 20 días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC y por no comparecer ante éste cuando le fue requerido. El licenciado Burgos González no se inmutó ante nuestra orden. Conviene señalar que todas las comunicaciones previamente mencionadas fueron cursadas a la dirección postal del licenciado Burgos Gonzalez que consta en el Registro Único de Abogados y Abogadas (RUA) y ninguna fue devuelta. Examinemos el derecho aplicable a este asunto.

II.

Los miembros de la profesión legal están obligados a "realizar esfuerzos para lograr y mantener un alto grado

---

[2] Del Informe presentado por la Directora del PEJC se despende que el licenciado Burgos González tampoco ha cumplido con los requisitos reglamentarios del PEJC para los periodos de 1 de agosto de 2009 al 31 de julio de 2011 y 1 de agosto de 2011 al 30 de julio de 2013.

de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional […]".[3] En virtud de nuestro poder inherente para reglamentar la profesión de la abogacía y en sintonía con el deber antes expuesto, este Tribunal adoptó el Reglamento de Educación Jurídica Continua[4] y, posteriormente, el Reglamento del Programa de Educación Jurídica Continua (Reglamento del PEJC).[5]

El fundamento para la adopción de dichos cuerpos reglamentarios fue establecer un programa de educación jurídica continua que contribuyera al mejoramiento profesional de los abogados y las abogadas, así como a la actualización de sus conocimientos y destrezas jurídicas.[6] Lo anterior a los fines de fomentar el ejercicio de la profesión dentro de los más altos niveles de calidad y competencia.[7]

El Reglamento del PEJC les exige a los profesionales del derecho admitidos a la práctica que, de no estar exentos, aprueben como mínimo 24 horas crédito en cursos sobre educación jurídica. Estos cursos son acreditables cada dos años.[8] Asimismo, dispone que todo profesional del Derecho debe presentar ante la Junta de Educación

---

[3] Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX C. 2.
[4] Véase, In re Regl. Educ. Jur. Cont., 146 DPR 494 (1998).
[5] Véase, In re Aprobación Prog. Educ. Jur., 164 DPR 555 (2005).
[6] Íd.
[7] Íd.
[8] Regla 5(9) del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento del PEJC), 4 LPRA Ap. XVII-E R. 5. Véase además, Regla 6 del Reglamento de Educación Jurídica Continua de 1998, 4 LPRA Ap. XVII-D R.6.

Jurídica Continua un informe que acredite el cumplimiento de las 24 horas crédito, dentro de los 30 días siguientes a la terminación de cada periodo de cumplimiento.[9]

Cuando algún miembro de la profesión no cumple con los requisitos del PEJC, en primera instancia, la Junta de Educación Jurídica Continua le envía un Aviso de Incumplimiento.[10] Como alternativa de cumplimiento, el Reglamento del PEJC permite que los abogados puedan cumplir tardíamente con las obligaciones que les impone dicho programa. Para ello, es necesario presentar un escrito en el cual se expliquen las razones de la tardanza y se pague la cuota correspondiente dentro de los 30 días siguientes a la notificación del Aviso de Incumplimiento.[11]

En caso de que el abogado no cumpla con lo requerido, la Junta de Educación Jurídica Continua lo cita a una vista informal en la que podrá presentar prueba y exponer las razones que justifican su proceder.[12] Si el abogado no comparece a la celebración de la vista, el asunto es remitido a la consideración de este Tribunal.[13] En pasadas ocasiones hemos ejercido nuestra facultad disciplinaria para suspender del ejercicio de la profesión a abogados y abogadas que no cumplen con los requisitos del PEJC ni atienden sus requerimientos, así

---

[9] Regla 28 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 28.
[10] Regla 29 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 29.
[11] Regla 30 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 30.
[12] Reglas 31 y 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 31 y 32.
[13] Regla 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 32.

como las órdenes de este Tribunal. Véase, In re Del Campo Alomar, 188 DPR 587 (2013); In re Piñeiro Vega, 188 DPR 77 (2013); In re Grau Collazo, 185 DPR 938 (2012).

Por otra parte, el Canon 9 de Ética Profesional exige que la conducta de los abogados hacia los tribunales se caracterice por el mayor respeto.[14] De este precepto emana la ineludible obligación de los miembros de la profesión legal de responder oportunamente a los requerimientos de este Tribunal. In re García Ortiz, 187 DPR 507, 524 (2013); In re Grau Collazo, supra, en las págs. 943-944; In re Ramírez Ferrer, 183 DPR 382, 384 (2011).

En infinidad de ocasiones hemos reiterado que no atender las órdenes de este Tribunal tiene como consecuencia la suspensión del ejercicio de la profesión, pues demuestra dejadez e indiferencia a nuestros apercibimientos. In re Massanet Rodríguez, 188 DPR 116, 125 (2013); In re Fidalgo Córdova, 183 DPR 217, 222 (2011); In re Fiel Martínez, 180 DPR 426, 430 (2010). De igual forma, la actitud de no cumplir con las órdenes del Tribunal denota menosprecio hacia nuestra autoridad, por lo cual dicha conducta constituye una violación al Canon 9 de Ética Profesional. In re Guzmán Rodríguez, 187 DPR 826, 829 (2013); In re Fiel Martínez, supra, en las págs. 430-431.

---

[14] Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX C. 9.

A pesar de repetir en múltiples instancias la norma antes expuesta, frecuentemente nos vemos en la obligación de suspender abogados y abogadas por mostrar una actitud de indiferencia y dejadez con relación a nuestros requerimientos. In re Mendoza Ramírez, 188 DPR 244, 249 (2013); In re Colón Olivo, 187 DPR 659, 663 (2013); In re Rodríguez Salas, 181 DPR 579, 581 (2011); In re Rodríguez Rodríguez, 180 DPR 841, 845-844 (2011). Apliquemos este marco legal a los hechos ante nuestra consideración.

III.

Según expuesto previamente, el licenciado Burgos González no cumplió con las horas crédito requeridas por el Reglamento del PEJC durante el periodo del 1 de agosto de 2007 al 31 de julio de 2009. Se desprende de su expediente personal que para el referido periodo no tomó ningún curso de educación jurídica. El trámite procesal corrobora que al licenciado Burgos González se le dio la oportunidad de ser oído y tiempo en exceso razonable para cumplir con su obligación. El 3 de septiembre de 2009 el PEJC le envió un Aviso de Incumplimiento y le concedió 60 días adicionales para que tomara los cursos requeridos. El licenciado Burgos González ignoró el aviso. Casi 2 años más tarde, el 1 de septiembre de 2011, el PEJC lo citó para una vista informal a celebrarse el 23 de septiembre de 2011 y le dio la alternativa de comparecer por escrito. El licenciado Burgos González hizo caso omiso a esta segunda oportunidad.

Ante la indiferencia mostrada, la Directora del PEJC solicitó nuestro auxilio para que el licenciado Burgos González atendiera los requerimientos y cumpliera con su obligación como miembro de la profesión de la abogacía. Este Tribunal emitió una Resolución el 31 de octubre de 2014, notificada el 7 de noviembre de 2014, mediante la cual le otorgamos al licenciado Burgos González 20 días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. Han transcurrido 4 meses desde dicha Resolución y el licenciado Burgos González no ha respondido a nuestra orden.

Todas las comunicaciones cursadas al licenciado Burgos González fueron remitidas a la dirección de correo postal que surge del RUA y ninguna fue devuelta. Es inaceptable que miembros de la profesión legal actúen con indiferencia y despreocupación ante sus obligaciones y más aún ante los requerimientos de este Tribunal. El licenciado Burgos González actuó de forma censurable al no ser responsivo a las notificaciones que le fueron remitidas, tanto por el PEJC como por este Tribunal.

Aunque le ordenamos al licenciado Burgos González mostrar causa por la que no debía ser suspendido del ejercicio de la abogacía, éste ignoró nuestro llamado, mostrando así dejadez y menosprecio hacia nuestra autoridad.

La falta de comunicación del licenciado Burgos González nos obliga a decretar su suspensión inmediata e

indefinida del ejercicio de la abogacía. Así pues, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta opinión *per curiam* y sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Carmelo E. Burgos González

TS-9353

SENTENCIA

En San Juan, Puerto Rico, a 24 de marzo de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Carmelo E. Burgos González por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC), así como hacer caso omiso a los requerimientos del PEJC y de este Tribunal.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Sentencia.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo