EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2016 TSPR 157 |
| Amador D'Alzina Nin | 195 DPR ____ |
| | |

Número del Caso: AB-2013-278

Fecha: 30 de junio de 2016

Oficina de la Procuradora General:

> Lcda. Margarita Mercado Echegaray
> Procuradora General
>
> Lcda. Tanaira Padilla Rodríguez
> Subprocuradora General
>
> Lcda. Karla Pacheco Álvarez
> Subprocuradora General
>
> Lcda. Minnie H. Rodríguez López
> Procuradora General Auxiliar

Materia: La suspensión será efectiva el 5 de julio de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

| *In re:* | | |
|---|---|---|
| Amador D'Alzina Nin | **Núm.** <u>AB-2013-278</u> | |

*PER CURIAM*

San Juan, Puerto Rico, a 30 de junio de 2016

Nuevamente, nos vemos obligados a separar a un profesional del Derecho del ejercicio de la profesión de la abogacía y la notaria, debido a su incumplimiento con las órdenes de este Tribunal durante el transcurso de un procedimiento disciplinario en su contra.

**I**

El Lcdo. Amador D'Alzina Nin fue admitido al ejercicio de la profesión de la abogacía el 31 de octubre de 1977 y al de la notaría el 24 de noviembre de 1982.

El 26 de junio de 2013, la Sra. Natalia Sierra presentó una queja en contra del licenciado D'Alzina Nin ante este Tribunal. La señora Sierra arguyó que contrató al licenciado D'Alzina Nin para que la representara en el trámite de ciertas gestiones ante la Oficina del Servicio de Ciudadanía e Inmigración de los Estados Unidos (USCIS). Como parte de ello, le delegó al licenciado D'Alzina Nin la responsabilidad de enviar dos (2) formularios a la USCIS. Por estos servicios, la señora Sierra le pagó $800.00 en concepto de honorarios de abogado. A pesar de lo anterior, la señora Sierra alegó que los documentos a

enviarse nunca fueron presentados ante la USCIS. Por tanto, solicitó que ordenáramos al licenciado D'Alzina Nin a devolverle una cuantía ascendente a $1,620.00.

El 22 de julio de 2013, este Tribunal le notificó al licenciado D'Alzina Nin la presentación de la queja en cuestión. Además, se le concedió un término para que compareciera y reaccionara a la misma. Eventualmente, el 31 de agosto de 2013, éste compareció e informó que no había reaccionado a la queja, en parte, porque se encontraba en recuperación de una intervención quirúrgica que le fue efectuada con anterioridad a la presentación de la queja.

En síntesis, el licenciado D'Alzina Nin alegó que, en efecto, realizó el envío de la documentación correspondiente a la USCIS vía correo regular. En reacción, la señora Sierra compareció, nuevamente, y planteó que, pasados varios meses desde el alegado envío, llamó a la USCIS y le informaron que la referida documentación no fue presentada. Por ello, decidió realizar una petición de rembolso ante el Servicio Postal de los Estados Unidos (USPS) de dos (2) giros postales, por la cantidad de $420.00 cada uno. Puntualizó, además, que el USPS le informó que no se realizó gestión de cobro alguna respecto a estos giros.

El 4 de noviembre de 2013, le referimos este asunto a la Oficina de la Procuradora General para la correspondiente investigación e informe, conforme lo

establecido en la Regla 14 (d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B R. 14.

Posteriormente, el 7 de enero de 2014, la Oficina de la Procuradora General presentó su informe. En resumen, concluyó que el licenciado D'Alzina Nin no realizó efectivamente el trámite para el cual fue contratado. Por ello, recomendó la devolución inmediata de los $800.00 que le pagó la señora Sierra en concepto de honorarios de abogado. Por último, sugirió que, una vez realizado el pago, se archivara la queja correspondiente.

El 13 de marzo de 2014, le concedimos un término de veinte (20) días al licenciado D'Alzina Nin para expresarse en torno al informe. Además, se le apercibió que, de no comparecer, se entendería que se allanaba a las recomendaciones formuladas en éste. A pesar de ello, el licenciado D'Alzina Nin no compareció. Así las cosas, el 26 de junio de 2015, le concedimos un periodo adicional de quince (15) días para cumplir con nuestra orden previa. Al día de hoy, éste no ha comparecido.

Examinado lo anterior, corresponde repasar, si bien someramente, los fundamentos jurídicos aplicables a este caso.

## II

Los profesionales del Derecho tienen un rol esencial en el funcionamiento efectivo de los procesos judiciales que supone un deber "de contribuir para salvaguardar la integridad y eficacia de nuestro ordenamiento jurídico".

*In re: Vázquez González*, 2016 T.S.P.R. 27, en la pág. 7, 194 D.P.R. ___ (2016).

En innumerables ocasiones hemos dispuesto que todos los profesionales del Derecho tienen la obligación de obedecer y respetar las órdenes de los tribunales. Véase *In re: Colón Cordovés*, 2016 T.S.P.R. 94, 195 D.P.R. ___ (2016). Asimismo, éstos tienen que responder a dichos señalamientos de manera oportuna y rigurosa. Véase *In re: Hance Flores*, 193 D.P.R. 767 (2015). El incumplimiento con este deber, sin duda alguna, mina la confianza que deposita el pueblo en el sistema de justicia, por lo que acarrea sanciones disciplinarias. Véase *In re: Lebrón Arroyo*, 2016 T.S.P.R. 49, 195 D.P.R. ___ (2016); *In re: Irizarry Rodríguez*, 193 D.P.R. 633 (2015).

A esos efectos, el Canon 9 del *Código de ética profesional* establece que los abogados deben observar para con los tribunales "una conducta que se caracterice por el mayor respeto". 4 L.P.R.A. Ap. IX, C. 9. Cabe destacar que, en el contexto de una acción disciplinaria, dicha obligación cobra mayor preminencia. Véase *In re: Rodríguez Zayas*, 2015 T.S.P.R. 175, 194 D.P.R. ___ (2015); *In re: Ezratty Samo*, 2016 T.S.P.R. 19, 194 D.P.R. ___ (2016). De igual forma, es preciso recordar que "[e]l deber de cumplir con nuestras órdenes en los procedimientos disciplinarios es independiente de los méritos de la queja presentada". *In re: Pestaña Segovia*, 192 D.P.R. 485, 493 (2015).

En fin, "[e]l proceder apático e indiferente respecto a nuestros pronunciamientos, constituye un ultraje a la autoridad de este Tribunal y a nuestro poder inherente de regular el ejercicio de la profesión legal". *In re: Nieves Vázquez*, 2016 T.S.P.R. 22, en la pág. 14, 194 D.P.R. ___ (2016). Véase, además, *In re: Dávila Toro*, 193 D.P.R. 159 (2015); *In re: Burgos González*, 192 D.P.R. 769 (2015). Por tanto, reiteradamente, hemos optado por sancionar el referido incumplimiento con la suspensión inmediata e indefinida del ejercicio de la abogacía. Véase *In re: Colón Cordovés*, 2016 T.S.P.R. 94; *In re: Ward Llambias*, 2016 T.S.P.R. 83, 195 D.P.R. ___ (2016).

## III

Según narramos, la Oficina de la Procuradora General recomendó un proceder disciplinario comedido. A saber, sugirió ordenarle al licenciado D'Alzina Nin la devolución de los honorarios de abogado cobrados por servicios no realizados y el correspondiente archivo de la queja, sujeto al cumplimiento con lo primero. A esos efectos, le concedimos dos (2) oportunidades al licenciado D'Alzina Nin para que se expresara en torno a estas recomendaciones. Asimismo, lo apercibimos de las consecuencias de incumplir con dicha orden. No obstante, el licenciado optó por la inacción y la desidia. Puntualizamos que, aunque sólo le concedimos al licenciado D'Alzina Nin una prórroga de veinticinco (25) días para comparecer, al día de hoy, han transcurrido más de dos (2)

años sin respuesta alguna. Ello, sin lugar a dudas, constituye una ofensa al deber consagrado en el Canon 9 del *Código de ética profesional*. Así, pues, dicha conducta amerita, de suyo, la imposición de una sanción disciplinaria.

**IV**

Por los fundamentos que anteceden, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del licenciado D'Alzina Nin. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tenga casos pendientes.

Asimismo, se le ordena devolver, dentro de un término improrrogable de treinta (30) días, los $800.00 pagados por la señora Sierra a éste, en concepto de honorarios de abogado.

Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, la Oficina del Alguacil de este Tribunal deberá incautar, de inmediato, la obra protocolar del licenciado D'Alzina Nin y entregar la misma al Director de

la Oficina de Inspección de Notarías para el trámite correspondiente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:*<br><br>Amador D'Alzina Nin | **Núm.** AB-2013-278 |

SENTENCIA

San Juan, Puerto Rico, a 30 de junio de 2016

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del Lcdo. Amador D'Alzina Nin. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tenga casos pendientes.

Asimismo, se le ordena devolver, dentro de un término improrrogable de treinta (30) días, los $800.00 pagados por la señora Sierra a éste, en concepto de honorarios de abogado.

Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, la Oficina del Alguacil de este Tribunal deberá incautar, de inmediato, la obra protocolar del licenciado D'Alzina Nin y entregar la misma al Director de la Oficina de Inspección de Notarías para el trámite correspondiente.

Notifíquese personalmente esta Opinión Per Curiam y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Rivera García no intervinieron.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo