EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Alexis I. Avilés Vega | 2017 TSPR 56<br><br>197 DPR ____ |

Número del Caso: CP-2015-18


Fecha: 6 de abril de 2017


Abogado del Promovido: Por derecho Propio



Oficina de la Procuradora General

      Lcda. Karla Z. Pacheco Álvarez
      Subprocuradora General

      Lcda. Minnie H. Rodríguez López
      Procuradora General Auxiliar




Materia: Conducta Profesional – La suspensión de la notaría será efectiva una vez advenga final y firme la sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Alexis I. Avilés Vega                    CP-2015-0018          Conducta
          TS-8472                                              Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 6 de abril de 2017.

El Lcdo. Alexis I. Avilés Vega (licenciado Avilés) fue admitido al ejercicio de la abogacía el 14 de enero de 1987 y a la práctica de la notaría el 13 de marzo de 1987. El 11 de octubre de 1996 emitimos Opinión *Per Curiam* suspendiéndolo del ejercicio de la profesión por no actuar con diligencia en la tramitación de un asunto que le fuera encomendado, desobedecer varias órdenes del tribunal de instancia sin presentar justificación para ello y no mantener a su cliente informado de los pormenores del caso, entre otras cosas. Véase *In re Avilés Vega*, 141 DPR 627 (1996). Del mismo modo, el 27 de septiembre de 2004 nos vimos precisados a

suspenderlo por exhibir un patrón de incumplimiento con los requerimientos del Colegio de Abogados de Puerto Rico y de este Tribunal dentro de un procedimiento disciplinario instado en su contra. Véase *In re* Avilés Vega, 163 DPR 92 (2004). Nuevamente nos vemos obligados a separar al licenciado Avilés de la profesión legal por incurrir en conducta contraria a los postulados que rigen la misma. Veamos.

**I**

**A. Hechos**

El 29 de julio de 2010 la Sra. Monserrat N. Benet Betancourt (señora Benet o querellante) contrató con el licenciado Avilés para que fungiera como su representante legal en una acción de daños y perjuicios.[1] En específico, la señora Benet interesaba demandar a un hogar de envejecientes por una caída sufrida por su padre que, según alegaciones de la querellante, provocó la muerte de su progenitor.[2] Según manifestaciones de la señora Benet, ésta alertó al letrado que el término de prescripción estaba por vencerse, por lo que insistió en que no esperara hasta el último día para presentar la demanda. Así las cosas, el 3 de agosto de 2010 el licenciado Avilés presentó una

---

[1] Según surge de la Queja Núm. AB-2011-242, la cual originó el procedimiento disciplinario de marras, el acuerdo de servicios profesionales fue verbal.

[2] El Sr. Amadeo Benet de Miguel, padre de la Sra. Monserrat N. Benet Betancourt (señora Benet), falleció el 3 de agosto de 2009.

demanda ante el Tribunal de Primera Instancia, Sala Superior de San Juan.[3]

Luego de varios trámites procesales, que incluyeron la presentación de la contestación a la demanda junto con una solicitud de desestimación por prescripción de la causa de acción, el 28 de septiembre de 2010 el foro primario citó a las partes a la conferencia inicial a celebrarse el **15 de noviembre de 2010.**[4] Llegado el día de la vista, **el licenciado Avilés no se presentó a sala ni excusó su ausencia.** Además, el Lcdo. Edgar A. Molina Jorge (licenciado Molina), representante legal de la parte demandada, manifestó que no se había preparado el informe para el manejo del caso, ni se había iniciado el descubrimiento de prueba. Por dicha razón, el foro primario le ordenó al licenciado Avilés que expresara los motivos para su incomparecencia, que cancelara el arancel de suspensión de vista y le impuso una sanción de cien dólares ($100.00) por no haber iniciado los trámites para la conferencia inicial. El foro primario reseñaló la vista para el **19 de enero de 2011.**

El 17 de diciembre de 2010 la señora Benet presentó una *Moción Urgente* para informarle al tribunal que recientemente había recibido la Minuta del 15 de noviembre de 2010 y que fue mediante la misma que advino en

---

[3] La parte demandante estuvo compuesta por la señora Benet, por sí y en representación de sus hijos menores de edad.

[4] Surge del expediente que la referida Orden se le notificó al Lcdo. Alexis I. Avilés Vega (licenciado Avilés) a la dirección que aparecía consignada en el Registro Único de Abogados y Abogadas para el momento de los hechos. A su vez, esa era la dirección que el licenciado Avilés incluyó en los documentos atinentes al caso.

conocimiento de que el licenciado Avilés no compareció a la vista. Aprovechó la oportunidad para notificar que, a pesar de los trámites realizados, **no lograba comunicación con el letrado y que éste no contestaba sus mensajes**. Por último, solicitó que se le concediera un tiempo razonable para localizar al licenciado Avilés o contratar un nuevo representante legal.

El 20 de diciembre de 2010, el Tribunal de Primera Instancia emitió Sentencia Parcial desestimando, por prescripción, la acción con relación a los daños y perjuicios sufridos por la señora Benet y la acción heredada por las angustias mentales de su padre. No obstante, mantuvo la causa de acción en cuanto a los hijos menores de edad de la señora Benet. Ese mismo día, dicho foro dictó una Orden concediéndole al licenciado Avilés un término de cinco (5) días para pagar la sanción impuesta el mes anterior y cancelar el sello de suspensión de vista, so pena de ordenar el cierre sin perjuicio de la demanda en cuanto a los menores.[5]

Inconforme con esta determinación, el 11 de enero de 2011 el licenciado Avilés presentó una *Moción Solicitando Reconsideración a Sentencia Parcial*. Mediante la misma, solicitó que se dejara sin efecto la Sentencia, pues, según alegó, al momento de presentar la demanda la acción no había prescrito. El 13 de enero de 2011 el tribunal denegó dicha solicitud.

---

[5]    El 22 de diciembre de 2016 se notificó la Orden tanto al licenciado Avilés, como a la señora Benet.

Así las cosas, y según se había pautado previamente, el **19 de enero de 2011** se llamó el caso en corte abierta para la celebración de la vista inicial. No obstante, **el licenciado Avilés indicó que no había preparado el informe para el manejo del caso**, por lo que la vista tuvo que ser reseñalada para el **11 de febrero de 2011**.

El 9 de febrero de 2016 el licenciado Molina sometió una *Moción Solicitando Desestimación Sumaria con Perjuicio*. En la misma expresó que a pesar de que el Tribunal de Primera Instancia había señalado tres (3) fechas distintas para que se llevara a cabo la conferencia preliminar entre abogados, **el licenciado Avilés nunca se comunicó para calendarizar y celebrar dicha reunión**. En torno a la causa de acción de los menores, que era la única vigente, expuso que desde la presentación de la demanda no hubo ningún tipo de actividad procesal, por lo que solicitó la desestimación sin perjuicio conforme a la Regla 39.2(b) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V (2010).[6] El tribunal declaró *No Ha Lugar* dicha petición.

La vista de conferencia inicial señalada para el **11 de febrero de 2011** tampoco se pudo realizar porque **el licenciado Avilés no compareció a la misma, ni excusó su ausencia**. El licenciado Molina manifestó, además, que todavía no se había preparado el informe para el manejo del caso. En consecuencia, el tribunal le ordenó al licenciado Avilés que expresara, en el término de diez (10) días, las

---

**6**     Sobre el particular expuso que, luego de la presentación de la demanda, el licenciado Avilés no compareció en relación con la causa de acción de los menores.

razones para su incomparecencia y que presentara el arancel de suspensión de vista. Además, le ordenó a ambos abogados presentar el informe so pena de sanciones. Programó la vista de conferencia inicial para el **28 de abril de 2011**.

Llegado el día de la vista, **el licenciado Avilés no se presentó a la misma**. El licenciado Molina se expresó sobre las ausencias del licenciado Avilés a las vistas y sobre la inactividad en el caso.[7] Tras considerar las repetidas incomparecencias y el incumplimiento con varias órdenes emitidas por el tribunal, se le impuso al licenciado Avilés una sanción de doscientos cincuenta dólares ($250.00), se le ordenó cancelar los aranceles de suspensión de la vista corriente y de la anterior y que mostrara causa por sus ausencias a las mismas. Además, se le apercibió al letrado, y a su cliente, que el incumplimiento con lo ordenado conllevaría una vista con la Procuradora de Familia para decretar el cierre sin perjuicio de la reclamación de los menores.[8] Por último, se transfirió la vista para el **13 de junio de 2011**.

El 1 de junio de 2011 el licenciado Molina sometió una *Moción Solicitando Señalamiento de Vista para Desestimación según la Regla 39.2(a) de Procedimiento Civil*. En la misma expuso que el licenciado Avilés no había acatado las órdenes emitidas por el tribunal el 11 de febrero y el

---

[7]   El 27 de abril de 2016, un (1) día antes de la vista, el Lcdo. Edgar A. Molina Jorge (licenciado Molina) presentó una *Moción Informativa* en la que expresó, entre otras cosas, que el licenciado Avilés no había cumplido con su obligación de coordinar las reuniones entre abogados y no había realizado gestión alguna para iniciar el descubrimiento de prueba.

[8]   En la vista, el licenciado Molina reiteró la solicitud de desestimación por inactividad, pero el tribunal declaró la misma *No Ha Lugar*.

28 de abril de 2011, a pesar de los apercibimientos de que su incumplimiento podría conllevar la celebración de una vista con la Procuradora de Familia para ordenar el cierre sin perjuicio de la causa de acción de los menores. Alegó que el licenciado Avilés exhibió un comportamiento temerario y descuidado y una total falta de interés al desobedecer reiteradamente las órdenes del tribunal. Solicitó, por lo tanto, que señalara con urgencia una vista al amparo de la Regla 39.2(a) de Procedimiento Civil, *supra*, o que convirtiera la conferencia inicial calendarizada para el 13 de junio de 2011 en una vista a dichos efectos. Ante cualquiera de esos escenarios, sugirió que se citara a la Procuradora de Menores para que esbozara su recomendación en cuanto al cierre del caso.

**El licenciado Avilés no asistió a la vista pautada para el 13 de junio de 2011, ni se excusó con el tribunal.** Ante el pedido del licenciado Molina de que dispusiera de la moción de desestimación, el tribunal realizó un recuento procesal del caso y señaló otra vista, para el **1 de julio de 2011**, previo a ordenar el cierre sin perjuicio de la reclamación de los menores.

Antes de la vista de 1 de julio de 2011, el licenciado Avilés envió una *Moción Informativa y Solicitando Prórroga* al correo electrónico del Juez a cargo del caso.[9] En la

---

[9] Esta moción se presentó formalmente en la Secretaría del Tribunal de Primera Instancia el 1 de julio de 2011 a la 1:43 p.m. No obstante, la vista de ese día estaba señalada para las 9:00 a.m. Seis (6) días después, el tribunal emitió una Orden requiriéndole al licenciado Avilés cancelar los sellos de suspensión de vista y que expresara las razones para su incomparecencia.

misma solicitó que pospusiera la vista por el término de sesenta (60) días.

Celebrada la vista el **1 de julio de 2011,** según programada, compareció a la misma la señora Benet, mas no así el licenciado Avilés. La señora Benet expresó que desconocía las razones para las incomparecencias del licenciado Avilés, por lo que solicitó término para gestionar la renuncia de su abogado y contratar nueva representación legal. El tribunal le concedió hasta el 5 de agosto de 2011 para tramitar estas diligencias y le apercibió que, de incumplir, se exponía a que se ordenara el cierre del caso.

En consecuencia, la señora Benet compareció a la vista del 5 de agosto acompañada del Lcdo. Evaldo C. Nilo Nylund (licenciado Nilo). La querellante manifestó que todas las gestiones realizadas para localizar al licenciado Avilés resultaron infructuosas, por lo que solicitó que se le permitiera al licenciado Nilo asumir su representación legal en el caso. Ese mismo día, presentó una *Moción por Derecho Propio* en la que solicitó el relevo de representación legal del licenciado Avilés. Fundamentó su pedido en el hecho de que **el licenciado Avilés: (1) no compareció a casi ninguna vista;[10] (2) no mantuvo una comunicación efectiva con ella; (3) nunca respondió sus**

---

[10] Según surge del expediente, de seis (6) señalamientos para celebrar la Conferencia Inicial, el licenciado Avilés sólo compareció a la vista del 19 de enero de 2011 y la misma tuvo que ser reseñalada porque no había preparado el informe para el manejo del caso.

**mensajes; (4) no mostró interés en el caso, y (5) no fue diligente en su gestión profesional.[11]**

### B. Trámite Disciplinario

En desaprobación al comportamiento exhibido por el licenciado Avilés en la tramitación del pleito de daños, el 1 de agosto de 2011 la señora Benet presentó la Queja Núm. AB-2011-242, que inició el procedimiento disciplinario ante nuestra consideración. En la misma alegó que, por la tardanza del licenciado Avilés en presentar la demanda, perdió su causa de acción y la que heredó de su padre. Añadió que el letrado no la mantuvo al tanto de los incidentes en el caso y que fue imposible comunicarse con éste. Por último, hizo alusión a las incomparecencias del letrado a las vistas y a los incumplimientos con las órdenes del tribunal.

De acuerdo con el procedimiento establecido en nuestro Reglamento,[12] el 29 de agosto de 2011 la Secretaría de este Tribunal le envió una carta al licenciado Avilés notificándole sobre la Queja presentada en su contra y otorgándole diez (10) días para reaccionar a la misma.[13] Transcurridos aproximadamente nueve (9) meses sin recibir contestación del licenciado Avilés, el 4 de junio de 2012 se le envió una segunda comunicación concediéndole diez

---

[11]     Mediante Orden dictada el 10 de agosto de 2011, el foro primario declaró *Ha Lugar* la solicitud de relevo de representación legal presentada por la señora Benet.

[12]     4 LPRA Ap. XXI-B, R. 14 (Supl. 2016).

[13]     La carta fue enviada por correo certificado con acuse de recibo. En el expediente personal del togado consta que fue recibida el 2 de septiembre de 2011.

(10) días adicionales para que se expresara.**14** A pesar de haber recibido ambas notificaciones, el licenciado Avilés no respondió. Es por ello que, el 5 de noviembre de 2012, emitimos una Resolución proveyéndole un término final e improrrogable de diez (10) días para que contestara la Queja. Se le apercibió que su incumplimiento con la Resolución podría conllevar sanciones disciplinarias, incluyendo la suspensión del ejercicio de la profesión legal.**15**

El 20 de noviembre de 2012 el licenciado Avilés presentó la *Contestación a Queja*. En la misma alegó, en síntesis, que el trámite procesal del caso se afectó por situaciones ajenas a su voluntad y porque la señora Benet anunció que prescindiría de sus servicios.**16** Adujo, además, que la demanda se presentó a tiempo.

Contando con la posición de ambas partes, el 5 de diciembre de 2012 se remitió el asunto a la Oficina de la Procuradora General para la correspondiente investigación e informe. Finalmente, el 21 de mayo de 2014, la Procuradora General nos presentó el mismo. Expuso que, por la conducta desplegada en la tramitación del pleito de daños, el licenciado Avilés incurrió en varias violaciones al Código de Ética Profesional, *infra*, a saber: Canon 9 (incumplir

---

**14**    Esta misiva también fue enviada por correo certificado con acuse de recibo y fue recibida el 7 de junio de 2012.

**15**    La Resolución se notificó personalmente el 9 de noviembre de 2012.

**16**    El licenciado Avilés se refería a la *Moción Urgente* presentada por la señora Benet el 17 de diciembre de 2010 en la que ésta le solicitó al foro primario que le concediera un tiempo razonable para localizar al licenciado Avilés, ya que había perdido comunicación con el letrado, o para contratar nueva representación legal.

con las órdenes del tribunal); Canon 12 (causar demoras injustificadas en el trámite del caso); Canon 18 (no defender adecuada y diligentemente los intereses de su cliente); Canon 19 (no mantener una comunicación adecuada con su cliente y no mantener a éste debidamente informado de la situación del asunto encomendado y los aspectos esenciales del mismo); Canon 20 (no solicitar al tribunal que lo releve de la representación legal de su cliente mediante escrito a esos fines), y Canon 38 (no exaltó el honor y la dignidad de la profesión incurriendo con ello en conducta impropia o apariencia de la misma).

El 27 de mayo de 2014 se le concedió al licenciado Avilés un término de veinte (20) días para expresar su posición en torno al Informe de la Procuradora. Pasado más de un año sin que el licenciado Avilés compareciera, el 19 de junio de 2015 le ordenamos a la Procuradora General que presentara la correspondiente Querella. Mediante la misma, la Procuradora General formuló ocho (8) cargos en contra del letrado por incurrir en conducta constitutiva de violación a los Cánones 9 y 12 del Código de Ética Profesional, *infra*, tanto dentro del presente proceso disciplinario, así como en el caso civil de daños y perjuicios. Presentó cargos, además, por: incumplir con su deber de diligencia y competencia en la tramitación del caso (Canon 18); no mantener una comunicación efectiva y adecuada con su cliente (Canon 19); dejar de comparecer a los señalamientos sin solicitar la renuncia de representación legal (Canon 20), y exhibir una conducta

contraria a los parámetros contenidos en el Canon 38 del mismo cuerpo normativo.

Al licenciado Avilés se le notificó la Querella personalmente el 6 de octubre de 2015 y se le concedió un término de quince (15) días para reaccionar a la misma. Luego de otorgársele un término adicional,[17] sin recibir contestación alguna de su parte, el 27 de enero de 2016 nombramos al Hon. Wilfredo Alicea López como Comisionado Especial.

Aproximadamente un mes más tarde, el licenciado Avilés sometió una moción aceptando responsabilidad y allanándose a la Querella. Arguyó que, al momento de la tramitación del caso civil, se encontraba inmerso en una serie de problemas personales que afectaron su desempeño óptimo en dicho procedimiento. Además de aceptar su responsabilidad por haberse distanciado de los Cánones de Ética Profesional, *infra*, y allanarse a los cargos contenidos en la Querella, mostró arrepentimiento y propósito de enmienda.[18]

---

[17] El 21 de octubre de 2015 el licenciado Avilés solicitó un término adicional para contestar la Querella. Mediante Resolución emitida el 30 de octubre de 2015, le concedimos treinta (30) días adicionales y le apercibimos que su incumplimiento conllevaría la continuación de los procedimientos disciplinarios sin su comparecencia.

[18] El licenciado Avilés enfatizó que su conducta no fue intencional, ni con el ánimo de faltarle el respeto a su cliente, a la Procuradora General, ni a los tribunales. En cuanto a la sanción a imponérsele, solicitó que se tomaran en cuenta los siguientes atenuantes: (1) su aceptación de responsabilidad y allanamiento a la Querella; (2) que las situaciones que afectaron su desempeño habían sido superadas; (3) que aprendió que los problemas personales no deben afectar su ejecutoria en los asuntos que le han sido encomendados; (4) que, de surgir algún evento que pudiese afectar su gestión profesional, deberá informarlo a su cliente y solicitar el relevo de la representación legal; (5) que es padre de tres (3) estudiantes universitarios que aún dependen de él, y (6) que su único sustento lo obtiene a través del ejercicio de la profesión legal.

Finalmente, el 17 de mayo de 2016 el Comisionado Especial nos presentó su Informe recomendando la imposición de una fuerte sanción con los apercibimientos de rigor. Para ello, procedemos a analizar las normas aplicables.

## II

Al prestar juramento para ejercer la profesión, los abogados se comprometen a desempeñar con lealtad los deberes y responsabilidades que le impone la ley y el Código de Ética Profesional, 4 LPRA Ap. IX (2012 y Supl. 2016). En específico, los cánones de ética son las normas mínimas de conducta de los letrados frente a sus clientes, la sociedad, los compañeros de profesión y ante las instituciones de justicia. *In re* Vilches López, 2016 TSPR 208, 196 DPR ____ (2016); *In re* Villalba Ojeda, 193 DPR 966 (2015).

En particular, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), prescribe que la conducta de los abogados ante los tribunales debe caracterizarse por ser, ante todo, respetuosa. Ello comprende que éstos deben cumplir pronta y diligentemente las órdenes emitidas por los tribunales, más aún cuando las mismas se originan dentro de un procedimiento disciplinario. *In re* Montalvo Delgado, 2016 TSPR 223, 196 DPR ____ (2016); *In re* Prado Galarza, 2016 TSPR 156, 195 DPR ____ (2016). Desatender los requerimientos de un tribunal quebranta los postulados consagrados en dicho canon, de tal manera, que puede conllevar sanciones disciplinarias severas, como la suspensión del ejercicio de

la profesión. *In re* Abadía Muñoz *et al.*, 2017 TSPR 1, 197 DPR ___ (2017); *In re* Montalvo Delgado, *supra*; *In re* Torres Román, 2016 TSPR 154, 195 DPR ___ (2016). Lo anterior, pues se considera que la indiferencia hacia los pronunciamientos de un foro constituye un desafío a su autoridad y, en casos de procesos disciplinarios, a nuestro poder inherente de regular el ejercicio de la profesión. *In re* D'Alzina Nin, 2016 TSPR 157, 195 DPR ___ (2016).

Por su parte, el Canon 12 del mismo cuerpo normativo, 4 LPRA Ap. IX (2012), señala como deber de todo abogado "hacia el tribunal, sus compañeros, las partes y testigos el **ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas**. Ello implica el **desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución**". (Énfasis nuestro).

Esta exigencia, que presupone un trámite responsable, puntual y diligente del pleito, se extiende a todas las etapas de un litigio. *In re* Montalvo Delgado, *supra*; *In re* Vilches López, *supra*. De este modo, hemos reconocido que conductas tales como "la incomparecencia injustificada a las vistas señaladas por el tribunal, así como las actuaciones y omisiones que pongan en riesgo la causa de acción de los clientes, son infracciones patentes a este canon". *In re* Montalvo Delgado, *supra*; *In re* Nazario Díaz, 2016 TSPR 111, 195 DPR ___ (2016). Además, hemos reiterado que la continua desobediencia a las providencias judiciales infringe, de igual forma, los preceptos contenidos en dicha

disposición disciplinaria. *In re* Nazario Díaz, *supra*. Véase, también *In re* Villalba Ojeda, *supra*, pág. 974, en donde indicamos que el Canon 12 "comprende el deber de cumplir rigurosamente con las órdenes judiciales".

De otro lado, el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), dispone, en su parte pertinente:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

> Es deber del abogado defender los intereses de su cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Conforme a la normativa antes esbozada, cuando un abogado asume la representación de un cliente, se obliga a defender los intereses de éste de una forma capaz y diligente. *In re* Prado Galarza, *supra*; *In re* Nazario Díaz, *supra*. Por lo tanto, en su quehacer profesional no puede haber espacio para la indiferencia y la dejadez. *In re* Nazario Díaz, *supra*. Ello implica que debe realizar todo cuanto se le ha encomendado adecuada, responsable, efectiva y oportunamente, sin dilaciones que puedan afectar la tramitación o la rápida solución de la controversia. *In re* Miranda Daleccio, 193 DPR 753 (2015); Pueblo v. Quiles Negrón *et al.*, 193 DPR 609 (2015); *In re* Pietri Torres, 191 DPR 482 (2014). Lo contrario, es decir, "[l]a inacción, la

imprudencia, el desinterés y la desidia en la tramitación de los asuntos que le han sido confiados, constituyen una patente infracción al Canon 18." *In re* Roldán González, 2016 TSPR 81, 195 DPR ___ (2016). Véase, además, *In re* Miranda Daleccio, *supra*.

Reiteradamente hemos afirmado que un abogado es negligente en su gestión profesional cuando: abandona o desatiende el caso; no comparece a los señalamientos realizados por el foro judicial; permite que expire el término prescriptivo de una acción, o incurre en una actuación negligente que pueda resultar o, en efecto, resulte en la desestimación o archivo del caso, entre otras cosas. *In re* Roldán González, *supra*; *In re* Miranda Daleccio, *supra*; *In re* Rivera Nazario, 193 DPR 573 (2015).

En cuanto a la información que se le debe suplir al cliente, el Canon 19 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), dispone que los abogados deben mantener a sus clientes al tanto de todo asunto importante que surja durante el desarrollo de su caso. Dicha comunicación efectiva, considerada componente esencial de la relación profesional, propiciará que el cliente tenga suficiente información para tomar decisiones, durante el transcurso del litigio, respecto a los asuntos legales que le ha confiado a su abogado. *In re* Roldán González, *supra*. Véase, además, *In re* Rosario Vázquez, 2017 TSPR 7, 197 DPR ___ (2017), donde afirmamos, que "los casos pertenecen a los clientes y éstos tienen derecho a mantenerse informados

de todos los asuntos y las gestiones importantes que se susciten en la tramitación de [los mismos]".

Un abogado actúa contrario a los postulados del Canon 19, *supra*, cuando: se torna inaccesible; no atiende los reclamos de información de un cliente; no le anuncia de algún resultado adverso dentro de la gestión encomendada, o no lo mantiene al tanto de la situación procesal del caso. *In re* Rodríguez López, 2016 TSPR 177, 196 DPR ___ (2016); *In re* Roldán González, *supra*. Dichas conductas, además de constituir infracciones patentes a dicho precepto ético, entorpecen el proceso de impartir justicia. *In re* Maldonado Torres, 2016 TSPR 229, 196 DPR ____ (2016); *In re* Nazario Díaz, *supra*.

En cuanto a la obligación impuesta por el Canon 20 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), cuando un abogado comparece al tribunal en representación de un cliente, no puede abandonar su encomienda profesional sin antes haber obtenido permiso del tribunal. Hasta entonces, el togado conserva la obligación de llevar a cabo su gestión de forma diligente y competente, acorde a las exigencias del Código de Ética Profesional. *In re* Vilches López, *supra*; *In re* Polanco Ortiz, 2016 TSPR 173, 196 DPR ___ (2016).

Por último, el Canon 38 del Código de Ética profesional, 4 LPRA Ap. IX (2012), instituye el deber de todo abogado de exaltar el honor y la dignidad de su profesión y de evitar hasta la apariencia de conducta profesional impropia. Ello implica que todo letrado debe

desempeñarse en forma escrupulosa y guiado por un alto sentido de responsabilidad, teniendo siempre presente la función social que ejerce y la institución que representa. *In re* Fingerhut Mandry, 2016 TSPR 193, 196 DPR ___ (2016).

**III**

Estudiado el marco legal pertinente, entendemos que el licenciado Avilés infringió los Cánones de Ética Profesional que se detallan en la Querella, así como en el *Informe del Comisionado Especial*. Veamos.

En primer lugar, el licenciado Avilés se ausentó sin justificación alguna a la mayoría de las vistas señaladas en el Caso Núm. E DP2010-0278 que se ventilaba ante el Tribunal de Primera Instancia y no excusó su ausencia a las mismas. Ello conllevó la imposición de múltiples sanciones económicas por parte del Juez que presidió los procedimientos. Además, desatendió las órdenes emitidas por dicho foro, aun cuando se le advirtió que su incumplimiento podría conllevar el cierre del caso. Sin lugar a dudas, y según se desprende de los autos originales del foro primario, el proceder del licenciado Avilés causó demoras injustificadas en el trámite del asunto encomendado.

De otra parte, el letrado no contestó pronta y diligentemente los requerimientos dentro del proceso disciplinario ante nos. En primer lugar, desatendió dos (2) comunicaciones de nuestra Secretaría para que presentara su contestación a la Queja. No fue sino hasta que emitimos una Resolución concediéndole un término final

e improrrogable que sometió su respuesta. Además, nunca reaccionó al Informe preparado por la Procuradora General, por lo que nos vimos precisados a ordenar la presentación de la correspondiente Querella sin el beneficio de su comparecencia. Con posterioridad, a pesar de que se le concedió suficiente tiempo para contestar la Querella, y contó con el beneficio de una prórroga, el letrado tampoco respondió.

Con el comportamiento pormenorizado en los párrafos que anteceden, el licenciado Avilés demostró una conducta contraria a los Cánones 9 y 12 de Ética Profesional, *supra*, tanto en las gestiones iniciadas ante el Tribunal de Primera Instancia, así como en el procedimiento disciplinario incoado ante este Foro.

Por otro lado, al estudiar el tracto procesal del caso Núm. E DP2010-0278, surgen varias instancias que evidencian la falta de diligencia y competencia del licenciado Avilés al atender el asunto encomendado. En primer lugar, la causa de acción de la señora Benet, así como la heredada de su padre, fueron desestimadas por prescripción, a solicitud de la parte demandada, sin contar con oposición alguna del licenciado Avilés. Luego de dicha desestimación, el letrado no hizo gestión alguna para promover la causa de acción de los menores. En específico, el licenciado Avilés no coordinó, ni estuvo accesible para acordar una fecha con el fin de que se celebrara la conferencia entre abogados y se preparara el informe para el manejo del caso, según requerido por el Juez a cargo de los procedimientos. Con

excepción de una moción presentada el 1 de julio de 2011,[19] del expediente no surge que el licenciado haya realizado diligencia alguna para adelantar el caso. De hecho, nunca se opuso a varias mociones presentadas por el licenciado Molina para que se desestimara el pleito en su totalidad. Al así proceder, demostró un comportamiento contrario al Canon 18, *supra*.

El licenciado Avilés infringió, también, el Canon 19, *supra*, al no mantener una comunicación efectiva con su cliente. En específico, el 17 de diciembre de 2010 la señora Benet presentó una *Moción Urgente* en la que expresó que advino en conocimiento de la ausencia del licenciado Avilés al primer señalamiento de vista, por medio de la Minuta notificada por el foro primario. Informó, además, que a pesar de las gestiones realizadas, no lograba establecer comunicación con el letrado. Del mismo modo, el 5 de agosto de 2011 la señora Benet solicitó que se le relevara de la representación legal del letrado fundamentado en que "no se comunica para nada, he ido a la oficina y le he dejado dicho que me llame y no lo hace, entendiendo que no le interesa mi caso […]".

Por otro lado, el licenciado Avilés se desligó por completo del asunto que se le había encargado y se ausentó a los señalamientos de vista, sin haber solicitado que se le relevara de la representación legal. Sobre el

---

[19] Como mencionamos anteriormente, la moción se presentó en el Tribunal de Primera Instancia el 1 de julio de 2011 a la 1:43 p.m. con el propósito de solicitar la posposición de una vista que estaba señalada para **ese mismo día** a las 9:00 a.m.

particular, es menester mencionar que no es excusa lo expresado por el licenciado Avilés en su contestación a la Queja a los efectos de que, en diciembre de 2010, la señora Benet le solicitó tiempo al foro primario para localizarlo o para conseguir una nueva representación legal. Ello, por sí sólo no le relevaba de la responsabilidad asumida. Si el letrado entendía que con dicho proceder la señora Benet le estaba requiriendo su renuncia, tenía que solicitarle al tribunal que lo relevara de sus funciones y esperar la correspondiente orden. Al no hacerlo, se apartó del Canon 20 de Ética Profesional, *supra*.

Por último, como bien expresó la Procuradora General en la Querella, la desatención a las órdenes emitidas por el foro primario, las reiteradas ausencias a las vistas, el no haber mostrado un desempeño eficiente y diligente en protección de los intereses de su cliente y el no atender los requerimientos de este Foro, evidencian una conducta contraria a los postulados del Canon 38. Ello pues, al incurrir en las mismas, falló en su deber de exaltar el honor y la dignidad de la profesión.

De conformidad con lo anterior, sólo nos resta determinar la sanción disciplinaria a imponerle al licenciado Avilés por el comportamiento exhibido. Al fijar la misma, procede que consideremos los siguientes factores: (1) la reputación del abogado en la comunidad; (2) su historial disciplinario; (3) si la conducta es una aislada; (4) si medió ánimo de lucro; (5) si presentó una defensa frívola de su conducta; (6) si ocasionó perjuicio a alguna

parte; (7) si resarció al cliente; (8) si demostró aceptación o arrepentimiento sincero por la conducta que le fuera imputada y, (9) otros atenuantes o agravantes que surjan de los hechos. *In re* Roldán González, *supra*; *In re* Miranda Daleccio, *supra*; *In re* Planas Merced, 180 DPR 179 (2010).

Como mencionamos al comienzo de la presente Opinión, ésta es la tercera ocasión en que el licenciado Avilés se encuentra inmerso en un proceso disciplinario. Reiteradamente ha demostrado un deficiente desempeño profesional, al no desplegar la debida diligencia y competencia ante las encomiendas de un cliente. Igualmente, ha desobedecido las órdenes y requerimientos de foros judiciales, sin presentar justificación para ello, y ha fallado en mantener una comunicación efectiva con sus clientes. Además, su comportamiento dentro del presente proceso disciplinario dista mucho de lo que se espera de un togado.

Por otro lado, aunque el togado aceptó su responsabilidad y se allanó a los cargos contenidos en la Querella, al determinar su sanción pesa en nuestro ánimo que ha reincidido en su comportamiento antiético. Ello, a pesar de haber sido suspendido de la profesión legal en dos ocasiones anteriores, la última por un término indefinido.

**IV**

Analizado el derecho aplicable, así como las infracciones éticas incurridas por el Lcdo. Alexis I. Avilés Vega, decretamos su suspensión inmediata e

indefinida del ejercicio de la abogacía. Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial del señor Avilés Vega y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Avilés Vega a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Alexis I. Avilés Vega          CP-2015-0018          Conducta
                                                     Profesional

SENTENCIA

En San Juan, Puerto Rico a 6 de abril de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Alexis I. Avilés Vega del ejercicio de la abogacía.

El señor Avilés Vega deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

Se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial del señor Avilés Vega y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe.

Notifíquese personalmente la Opinión *Per Curiam* que antecede y esta Sentencia al señor Avilés Vega a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo