EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2017 TSPR 116 |
| José A. García Ortiz (TS-5,945) | 198 DPR ____ |

Número del Caso: CP-2014-9

Fecha:   21 de junio de 2017

Abogado de la parte querellada:

      Por derecho propio

Oficina del Procurador General:

      Lcda. Karla Pacheco Álvarez
      Subprocuradora General

      Lcda. Yaizamarie Lugo Fontanez
      Procuradora General Auxiliar

Comisionado Especial:

      Hon. Wilfredo Alicea López

Materia:   La suspensión será efectiva el 29 de junio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re* | |
| José A. García Ortiz (TS-5945) | **Núm.** CP-2014-0009 |

*PER CURIAM*

En San Juan, Puerto Rico, a 21 de junio de 2017

Nos corresponde determinar si el Lcdo. José Antonio García Ortiz, en su representación del Sr. Efraín Salicrup Santiago, incurrió en conducta transgresora de los cánones 9, 12, 18, 20 y 38 del *Código de ética profesional*, 4 LPRA Ap. IX. Por concluir que el letrado no fue diligente en el trámite y presentación de la causa bajo su responsabilidad, que se expresó irrespetuosamente durante el proceso disciplinario y en consideración a su historial disciplinario,[1] estimamos apropiado suspenderlo inmediatamente del ejercicio de la abogacía por el término de un (1) año.

I.

La querella objeto del caso de autos fue presentada por el querellante el 8 de mayo de 2006. En atención a ello, el 16 de noviembre de 2006, el licenciado García

---

[1] Véase In re García Ortiz, 187 DPR 507 (2012); In re García Ortiz, 176 DPR 123 (2009); In re García Ortiz, 133 DPR 666 (1993).

Ortiz contestó la querella. Manifestó, entre otras cosas, que el Sr. Efraín Salicrup Santiago, querellante, había manifestado no tener interés en la queja presentada. Por ello, la Procuraduría General le cursó dos cartas al señor Salicrup Santiago, con fechas de 20 de diciembre de 2006 y 2 de enero de 2007, para que se expresara en cuanto a la alegación del licenciado García Ortiz. Mediante una carta recibida en la Oficina del Procurador General el 9 de enero de 2007, el señor Salicrup Santiago manifestó que quería continuar el proceso disciplinario y que era falso que había hablado con el licenciado García Ortiz. En respuesta, el 5 de marzo de 2007, el licenciado García Ortiz presentó una carta ante la Oficina de la Procuradora General en la cual expuso que el señor Salicrup Santiago le había manifestado su falta de interés en el proceso a la secretaria del letrado y al esposo de ésta. Además, indicó que de la queja del señor Salicrup Santiago "aflora la ingratitud" y expresó que:

> Lamento mucho toda la situación pero comprendo que en este país está prohibido enfermarse o caer en desgracia por cualquier razón, son muy pocos los que dan la mano y muchos los que se convierten en fieras depredadoras o caníbales para hacer leña del árbol caído y jactarse de que obtuvieron parte del botín y eso incluye familiares, compañeros de profesión, los clientes que uno m[á]s estima y le tiene la mayor de la confianza. Olvidándose estos depredadores que cuando la hinchazón de uno est[á] bajando la de ellos est[á] subiendo. La vida es un devenir, constantemente nos estamos viendo la cara.

Con motivo de aclarar los hechos de la controversia, el 9 de mayo de 2007, la Procuraduría General le cursó una misiva al licenciado García Ortiz. En ésta, le solicitó que, en el término de diez días, atendiera ciertas alegaciones que nunca respondió en su querella. Ante la incomparecencia del licenciado García Ortiz, la Procuraduría General procedió a presentar su Informe el 14 de agosto de 2007. Luego de solicitar varias prórrogas, e incumplir con los términos dispuestos en ellas,[2] el licenciado García Ortiz presentó su réplica el 23 de septiembre de 2008. Así las cosas, el 16 de enero de 2009, le ordenamos a la Procuraduría General que presentara la querella. Sin embargo, antes de que ésta se presentara, el

---

[2] El 31 de agosto de 2007, emitimos una *Resolución* en la cual le concedimos veinte días al querellado para que se expresara sobre el Informe de la Procuraduría General. Éste incumplió con el término concedido. Por ello, el 21 de diciembre de 2007, emitimos otra *Resolución* en la cual le concedimos, de nuevo, veinte días para que muestre causa de por qué el Tribunal no debía ejercer su función disciplinaria e imponerle sanciones por su incumplimiento. El licenciado García Ortiz respondió a esta segunda *Resolución* mediante un escrito presentado en el Tribunal el 28 de marzo de 2008, mucho después del término que le proveímos. Solicitó un término de treinta días para cumplir con lo ordenado. En atención a ello, y mediante una *Resolución* de 4 de abril de 2008, le concedimos el término adicional de treinta días que solicitó. Ya en incumplimiento con el término de treinta días concedido, el 16 de julio de 2008, el licenciado García Ortiz presentó una solicitud de prórroga ante el Tribunal solicitando quince días más para responder al Informe. Mediante una *Resolución* de 29 de julio de 2008, le concedimos un término improrrogable de quince días para expresarse sobre el Informe. La *Moción en cumplimiento de orden* del licenciado García Ortiz, en la cual se expresó sobre el Informe, se entregó en el Tribunal el 23 de septiembre de 2008, nuevamente en incumplimiento con el término (esta vez improrrogable) otorgado.

10 de junio de 2009, suspendimos al querellado indefinidamente de la práctica de la abogacía. *Véase In re García Ortiz*, 176 DPR 123 (2009). Por ello, el 30 de diciembre de 2009, se ordenó el archivo administrativo de la queja de autos hasta tanto adviniera la reinstalación del licenciado García Ortiz.

El 22 de abril de 2010, reinstalamos al licenciado García Ortiz al ejercicio de la abogacía y notaría, pero éste fue suspendido nuevamente el 11 de diciembre de 2012 por el término de seis meses. *Véase In re García Ortiz*, 187 DPR 507 (2012). Finalmente, el 23 de diciembre de 2013, reinstalamos al querellado a la abogacía de esta última suspensión y ordenamos la reactivación de la queja de autos. Consecuentemente, la Procuradora General presentó su querella el 26 de junio de 2014. En ésta, se consignaron los siguientes cargos por violaciones al *Código de ética profesional*:

> **PRIMER CARGO:** El licenciado García Ortiz violó los preceptos del Canon 9 de Ética Profesional al no comparecer a la vista del 28 de abril de 2006 y desatender la orden emitida por el Tribunal en dicha fecha y las subsiguientes en el caso C AC2003-4114 hasta que fue relevado de la representación legal del querellante en agosto de 2006.
>
> De igual modo, el licenciado García Ortiz no cumplió con los preceptos del Canon 9 de Ética Profesional al no cumplir con el requerimiento de información realizado por la Oficina de la Procuradora General del 9 de mayo de 2007 durante la investigación de este procedimiento disciplinario.
>
> **SEGUNDO CARGO:** El licenciado García Ortiz incurrió en violación al Canon 12 de Ética

Profesional, el cual dispone que es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas para que no se causen indebidas dilaciones en la tramitación y solución de las causas, al no comparecer a la vista del 28 de abril de 2006 y desatender las órdenes emitidas por el Tribunal en el caso C AC2003-4114 desde dicha fecha hasta que se le relevó de la representación legal del querellante en agosto de 2006, más de dos meses después de haberle sido solicitada la renuncia por su cliente.

**TERCER CARGO:** El licenciado García Ortiz actuó en contravención a los preceptos del Canon 18 de Ética Profesional, el cual impone a los abogados el deber de defender diligentemente los intereses de su cliente, al abandonar la causa de su cliente, no comparecer a la vista del 28 de abril de 2006, no cumplir las órdenes emitidas por el Tribunal, incluyendo aquellas para culminar el descubrimiento de prueba, ni solicitar el relevo de representación legal según le fuera solicitado por su cliente, para que éste pudiera conseguir prontamente otro abogado que lo representase, siendo necesario que ello fuera solicitado por el cliente al Tribunal.

**CUARTO CARGO:** El licenciado García Ortiz violó los preceptos del Canon 20 de Ética Profesional al abandonar la representación de su cliente sin solicitar el relevo de representación legal al tribunal y sin tomar las medidas necesarias para evitarle un perjuicio a su cliente. Ello, a pesar que desde el 9 de mayo de 2006 le fue solicitado por su cliente la renuncia y le fuera entregado el expediente por su secretaria, siendo necesario que el querellante acudiera en dos ocasiones al Tribunal a solicitar el relevo del abogado y le fuera concedido a solicitud de éste, más de dos meses después de haberle sido requerida la renuncia al abogado.

**QUINTO CARGO:** El licenciado García Ortiz quebrantó los preceptos del Canon 38 de Ética Profesional al no exaltar el honor y la dignidad de la profesión, aunque al así hacerlo conlleve sacrificios personales, ni evitó la apariencia de conducta impropia, al abandonar la causa de acción de su cliente sin solicitar la renuncia

al Tribunal y sin que la misma le fuera concedida, al no cumplir con las órdenes del Tribunal, al no defender diligentemente los intereses de su cliente y al expresarse de forma irrespetuosa hacia éste en la comparecencia del 5 de marzo de 2007 ante la Oficina de la Procuradora General.

Nombramos como Comisionado Especial al Hon. Wilfredo Alicea López. Tras varios trámites procesales, éste nos rindió el correspondiente informe el 12 de abril de 2016. En el informe, el Comisionado Especial recomendó una sanción moderada al letrado. Así pues, con el beneficio de sus determinaciones y recomendación, procedemos a resolver.

II.

Los hechos de la queja de autos, debidamente documentados, demuestran que el señor Salicrup Santiago contrató los servicios del licenciado García Ortiz para que lo representara en una demanda por impugnación de confiscación y de daños contra el Estado Libre Asociado (ELA) y el Sr. Emilio Tirado Castejón, haciendo negocios como 'Garage Leo'.

Surge del expediente del caso C AC2003-4114 que el licenciado García Ortiz se ausentó a:

1) Una vista el 5 de mayo de 2004, por cuya ausencia el Tribunal le ordenó cancelar el sello de suspensión;

2) Una vista sobre el estado del caso, el 17 de noviembre de 2004;

3) A la continuación de la Conferencia con Antelación a Juicio, el 28 de abril de 2006. A ésta, compareció su cliente, el señor Salicrup Santiago, por su cuenta. El Lcdo. José A.

Vélez Morales, representante legal de Garaje Leo, indicó en la vista que no se pudieron tomar las deposiciones acordadas porque el querellado llamó para cancelarlas. Ante la incomparecencia del licenciado García Ortiz, el foro de instancia le impuso la cancelación del arancel de suspensión en un término de 10 días y le ordenó radicar una moción donde expusiera los motivos de su incomparecencia y coordinara el descubrimiento de prueba que faltaba, con el apercibimiento de que su incumplimiento acarrearía una sanción de $700.00.

Posteriormente, el 16 de mayo de 2006, el señor Salicrup Santiago presentó una moción por derecho propio en la cual informó que había recibido el expediente del caso de la Sra. Zaida Oliveras, secretaria del licenciado García Ortiz. Asimismo, manifestó que no se sentía a gusto con la manera en que el licenciado García Ortiz lo representó y que éste no le informaba nada con relación a las incidencias del caso. Por lo tanto, mediante la moción, solicitó que el querellado fuera relevado de su representación legal.

Así las cosas, el 30 de mayo de 2006, el foro de instancia notificó una resolución en la cual le concedió hasta el 10 de junio de 2006 al querellado para que se expresara sobre la moción del señor Salicrup Santiago. El 20 de junio de 2006, el tribunal emitió otra orden concediéndole al querellado hasta el 30 de junio para cumplir lo ordenado. Ante la incomparecencia del licenciado García Ortiz, el foro primario notificó una orden el 14 de agosto de 2006 en la cual le indicó al querellado que no cumplió con las órdenes previas del

tribunal y le impuso una sanción de $200.00. Le informó además que el caso tenía señalamiento de vista para el 6 de octubre de 2006.

Mediante otra moción por derecho propio, el 18 de agosto de 2006, el señor Salicrup Santiago solicitó nuevamente que se relevara al querellado de su representación legal, puesto que había acudido a otros abogados pero ninguno contrataría con él hasta tanto el tribunal decretara el relevo de representación. En atención a ello, el 31 de agosto de 2006, el Tribunal emitió una orden relevando al licenciado García Ortiz de su representación del señor Salicrup Santiago y le concedió a este último hasta el 30 de septiembre de 2006 para conseguir nueva representación legal.

El Comisionado Especial, el Hon. Wilfredo Alicea López, encontró probados todos estos hechos mediante la debida presentación de prueba documental por parte de la Oficina de la Procuradora General. El Comisionado Especial también tomó nota del testimonio presentado por el querellado, de su ex secretaria legal, la Sra. Zaida Oliveras Torres. Ésta declaró que trabajó con el querellado alrededor de diez años y que a principios de 2006 éste sufrió un infarto con parálisis facial, por lo cual estuvo hospitalizado y cerró la oficina aproximadamente por un año. Además, indicó que debido a la ausencia del querellado, llamaba a los tribunales a suspender las vistas pendientes y entregaba los

expedientes a los clientes y les orientaba sobre el trámite a seguir. Empero, el querellado no presentó otra prueba para corroborar el testimonio de la señora Oliveras Torres ni que sus ausencias estuvieran excusadas en momento alguno.

### III.

Entre los valores principales que deben conservar los abogados está el respeto a los tribunales, ya que ellos son funcionarios de éstos y están sujetos a su autoridad. Por ello, el Canon 9 del *Código de ética profesional* señala que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX, C. 9. Como corolario necesario de este Canon, hemos resuelto repetidamente que los abogados deben acatar las órdenes de los tribunales. Hemos formulado varias acepciones de este deber. Así, hemos encontrado a un abogado incurso en una violación al Canon 9 por hacer caso omiso, por meses, a las órdenes del Tribunal de Primera Instancia. *Véase In re de León Rodríguez*, 173 DPR 80 (2008). Además, hemos disciplinado a una abogada por no acatar con los requerimientos de la Oficina de la Procuradora General cuando esa oficina descarga una encomienda de este Tribunal dentro de un proceso disciplinario. *Véase In re Deliz Terrón*, 175 DPR 335 (2009). Por último, en repetidas ocasiones hemos sancionado a abogados por incumplir con nuestras propias órdenes durante un proceso disciplinario. *Véase In re*

*Aponte del Valle*, 189 DPR 245 (2013); *In re Torres Alicea*, 188 DPR 498 (2013); *In re Rivera Trani*, 188 DPR 454 (2013); *In re Mendoza Ramírez*, 188 DPR 244 (2013).

De igual manera, a la clase togada se le exige diligencia en la tramitación de las causas del cliente, pues para este último un desliz del abogado puede resultar en el menoscabo de un derecho. Por ello, el Canon 12 del *Código de ética profesional* impone a los abogados un deber de actuar responsable y diligentemente al manejar las causas de la representación que asumieron. *Véase In re García Ortiz*, 187 DPR 507, 515 (2012); *In re Nieves Nieves*, 181 DPR 25, 35 (2011); *In re Vélez Báez*, 176 DPR 201, 207-08 (2009); *In re Rosado Nieves*, 159 DPR 746, 757 (2003). El referido canon reza:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos ser puntual en su asistencia y conciso y exacto en el trámite y presentación de sus causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente. 4 LPRA Ap. IX, C. 12.

Cónsono con el Canon 12, las ausencias a las vistas deben ser una rara excepción y siempre se debe solicitar su suspensión de antemano. La ausencia injustificada a una vista señalada por el tribunal constituye conducta irresponsable y poco profesional, en violación al Canon 12. *Véase In re García Ortiz*, 187 DPR en la pág. 516; *In re Ríos Pérez*, 179 DPR 630, 637 (2010).

Si el Canon 12 establece los deberes de competencia y diligencia del abogado para con los tribunales, el Canon 18 los mandata en la relación abogado-cliente. Así, el Canon 18 indica que

> [s]erá impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. 4 LPRA Ap. IX, C. 18.

Como ha comentado el Hon. Sigfrido Steidel Figueroa, muchos procedimientos disciplinarios ante este Tribunal versan sobre el deber de la diligencia del abogado, "[a]ún cuando el término diligencia no parece ser de difícil entendimiento". Sigfrido Steidel Figueroa, *Ética y Responsabilidad Disciplinaria del Abogado* 180 (2010). Y la realidad es que el deber de comparecer a las vistas del tribunal en un caso del cliente debe ser intuitivo para cualquier abogado, pero en repetidas ocasiones hemos tenido que disciplinar a abogados por incumplir con esa responsabilidad. *Véase, por ejemplo, In re Armenteros Chervoni*, 195 DPR 693 (2016); *In re Hernández González*, 188 DPR 721 (2013); *In re Plaud González*, 181 DPR 874 (2011); *In re Vilches López*, 170 DPR 793, 800-01 (2007); *In re Soto Colón*, 155 DPR 623 (2001). Aún si el abogado

está atravesando por una situación personal difícil, ello no justifica su desatención del caso. *Véase In re Díaz Nieves*, 189 DPR 1000, 1013 (2013).

Por otro lado, el Canon 20 establece un procedimiento específico para renunciar a la representación legal de un cliente:

> Cuando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.
>
> Antes de renunciar la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado. . . 4 LPRA Ap. IX, C. 20.

Asimismo, al renunciar a la representación legal, el abogado le debe entregar el expediente y todo documento relacionado con el caso. *Véase In re García Ortiz*, 187 DPR en la pág. 520. Específicamente, el abogado debe entregar el expediente sin demora. Debe hacerlo tan pronto renuncie a la representación legal o cuando el cliente le solicite la entrega. *Véase In re García Ortiz*, 187 DPR en la pág. 520; *In re Rivera Ramos*, 178 DPR 651, 666 (2010); *In re*

*Ríos Ríos*, 175 DPR 57, 72 (2008); *In re Franco Rivera*, 169 DPR 237, 262 (2006).

Por último, el Canon 38 regula la preservación de la dignidad de la profesión, y en su enunciado, en lo pertinente, indica que "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". 4 LPRA Ap. IX, C. 38. Así, hemos determinado que los abogados se deben comportar respetuosamente en el desempeño de sus gestiones profesionales. Por ejemplo, hemos suspendido a un abogado en el pasado por proferirle expresiones obscenas a una funcionaria del Tribunal. *Véase In re Rodríguez Rivera*, 170 DPR 863 (2007). Asimismo, respecto a los compañeros de profesión, suspendimos a un abogado por hacer comentarios sexistas a compañeras abogadas. *Véase In re Valcárcel Mulero I*, 142 DPR 41 (1996). En otro caso, suspendimos a un abogado por sacarle la lengua a una abogada y amenazar a otro violentamente durante una deposición. *Véase In re González Carrasquillo*, 164 DPR 813 (2005).

De los referidos casos, se desprende que los abogados se deben comportar con decoro y respeto en todo ámbito de su desempeño profesional. Ello incluye, indudablemente, la relación que sostiene el abogado con el cliente. Por ello, aun cuando ha terminado la relación abogado-cliente, y el cliente ha entablado una queja ética contra el abogado,

este último está obligado a dirigirse hacia éste con el honor y la dignidad que debe distinguir a la profesión legal. No podemos exigir menos, pues "[l]a estatura moral e intelectual inherente al ejercicio de la abogacía impone un debate jurídico libre de personalismos y posiciones subjetivas que lo degraden a vulgar diatriba". *García Santiago v. Acosta*, 104 DPR 321, 323 (1975).

IV.

De entrada, cabe señalar que luego de la reactivación de la queja disciplinaria de autos, el licenciado García Ortiz sostuvo en sus comparecencias ante el Comisionado Especial que la Procuraduría General cometió incuria en su manejo del caso. Así, considera que la dilación en presentar la querella lo dejó en un estado de indefensión. Sobre el particular, concluimos que nos parece totalmente inmeritorio el planteamiento del querellado, puesto que ya desde el 2006 conocía de la querella contra él, por lo cual tuvo tiempo adecuado para preparar y preservar la prueba que usaría en su defensa. Además, la querella se presentó en el 2014 debido a las faltas disciplinarias del mismo letrado; al suspendérsele en dos ocasiones separadas, esta queja se archivó hasta tanto se le reinstalara. Atendida esa defensa del querellado, procedemos a discutir los señalamientos en su contra.

En la queja de autos, durante el caso de impugnación de confiscación en el cual el licenciado García Ortiz representó al señor Salicrup Santiago, el licenciado se

ausentó a tres vistas diferentes. Debido a su segunda incomparecencia, el juez de instancia le ordenó a cancelar el sello de suspensión. En la tercera ocasión, de nuevo el juez le ordenó cancelar el arancel de suspensión y acreditar los motivos de su incomparecencia. Además, el representante legal de Garaje Leo indicó que debido a la falta de diligencia del licenciado García Ortiz no se pudieron tomar deposiciones necesarias, lo cual ocasionó una dilación en los procesos.

Posteriormente, el foro de instancia emitió múltiples órdenes para que el licenciado García Ortiz respondiera a las manifestaciones del señor Salicrup Santiago en torno a la calidad de su representación legal y la solicitud de este último de relevar al querellado de su representación. El querellado no respondió a ninguna de ellas, lo que desembocó en una orden del Tribunal que relevó al abogado de la representación del señor Salicrup Santiago.

Sin duda, las incomparecencias del licenciado García Ortiz ante el Tribunal violaron los Cánones 12 y 18 del *Código de ética profesional*, puesto que así demostró una actitud indolente en cuanto a su deber de diligencia para con el tribunal, sus compañeros y las partes. Ciertamente, acorde el Canon 18, los abogados sólo deben asumir la representación legal de un cliente si consideran que pueden rendir una labor competente.

Como hemos adelantado, fue el señor Salicrup Santiago quien, claramente disgustado con el manejo del caso por

parte del licenciado García Ortiz, le tuvo que solicitar al Tribunal que relevara al querellado de su representación. Empero, acorde lo que dispone el Canon 20, es el abogado quien debe solicitarle la renuncia al Tribunal si se percata que no puede continuar rindiendo un servicio competente. Tanto el querellado como su ex secretaria legal declararon que éste sufrió de varios problemas de salud durante el periodo en controversia. Si bien los problemas de salud del licenciado García Ortiz explican sus incomparecencias, no por ello las justifican. Era su deber informarle al Tribunal y a sus clientes lo sucedido y solicitar la renuncia en todos los casos que había asumido. Al no hacerlo, el querellado violó el Canon 20 del *Código de ética profesional*.

Por otro lado, al dejar de contestar las múltiples órdenes del Tribunal de Primera Instancia y los requerimientos de la Procuraduría General dentro de su proceso disciplinario, el licenciado García Ortiz incumplió con su deber de observar el mayor respeto para con los tribunales. De esta manera, violó el Canon 9 del *Código de ética profesional*.

Por último, las expresiones contenidas en la misiva a la Oficina del Procurador General del licenciado García Ortiz de 5 de marzo de 2007, dejan mucho que decir. Adentrado en su proceso disciplinario, despotricó contra su ex cliente, acusándolo de "aflorar de ingratitud" cuando toda la prueba documental demuestra que el

querellado dejó indefenso al querellante en su caso judicial. Su declaración a los efectos de que su ex cliente le cayó encima como fiera depredadora o caníbal y su sutil amenaza de que "cuando la hinchazón de uno está bajando la de ellos está subiendo" dista mucho del debate jurídico libre de personalismos que deben ejemplificar los abogados y se reduce a vulgar diatriba que nada contribuye al desarrollo del caso. Al expresarse de esa manera, en una carta dirigida al Procurador General dentro de un proceso disciplinario regido por este Tribunal, el querellado le falló a sus deberes bajo el Canon 38 del *Código de ética profesional*.

V.

Cabe destacar que los dos procesos disciplinarios más recientes contra el letrado, 187 DPR 507 (2012) y 176 DPR 123 (2009), se iniciaron por quejas similares a la del caso de autos. En ambas, los querellantes alegaron que el licenciado García Ortiz o abandonó el caso o no les mantuvo al tanto del mismo.[3] Asimismo, en ambos casos, concluimos que el licenciado García Ortiz incumplió con su deber de diligencia al atender órdenes emitidas dentro del

---

[3] Por ejemplo, en el caso disciplinario del 2009, los querellantes "señalaron que el querellado cobró honorarios sin realizar la gestión para la que fue contratado". *In re García Ortiz*, 176 DPR en la pág. 124. Asimismo, en el caso del 2012, la quejosa manifestó que luego de contratar al licenciado García Ortiz, estuvo varios meses tratando de localizarlo, sin resultado alguno, y que el Tribunal de Primera Instancia dictó una sentencia en su contra debido a la inacción del querellado. Véase *In re García Ortiz*, 187 DPR en la pág. 511.

proceso disciplinario. Véase *In re García Ortiz*, 187 DPR en las págs. 523-24; *In re García Ortiz*, 176 DPR en la pág. 131.

Así, en consideración a las violaciones éticas antes expuestas, y al pobre historial disciplinario del licenciado García Ortiz, lo suspendemos inmediatamente del ejercicio de la abogacía por el término de un (1) año.

El licenciado García Ortiz tiene el deber de notificar a todos sus clientes de su inhabilidad para ejercer la profesión y seguir representándolos, devolverles los expedientes de casos pendientes y devolverles cualesquiera honorarios que haya recibido por trabajos no realizados. Asimismo, debe informar oportunamente a los distintos foros judiciales y administrativos de su suspensión, si tiene algún asunto pendiente en éstos. Además, deberá certificarnos el cumplimiento de estos deberes dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*<br><br>José A. García Ortiz<br>(TS-5945) | **Núm.** CP-2014-0009 |

SENTENCIA

En San Juan, Puerto Rico, a 21 de junio de 2017

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata del ejercicio de la abogacía por el término de un (1) año del Lcdo. José A. García Ortiz.

El licenciado García Ortiz tiene el deber de notificar a todos sus clientes de su inhabilidad para ejercer la profesión y seguir representándolos, devolverles los expedientes de casos pendientes y devolverles cualesquiera honorarios que haya recibido por trabajos no realizados. Asimismo, debe informar oportunamente a los distintos foros judiciales y administrativos de su suspensión, si tiene algún asunto pendiente en éstos. Además, deberá certificarnos el cumplimiento de estos deberes dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

Notifíquese personalmente.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez inhibida.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo