EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Julio C. Blain Leon<br>(TS-10,491) | 2018 TSPR 11<br><br>199 DPR ____ |

Número del Caso: CP-2016-21

Fecha: 20 de diciembre de 2017

Abogado del querellado:

      Lcdo. Israel Ríos González

 Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Yaizamarie Lugo Fontánez
      Procuradora General Auxiliar

Materia: Conducta Profesional – La suspensión del abogado será efectiva el 10 de enero de 2018, fecha en que se le notificó al abogado de su suspensión inmediata

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Julio C. Blain León               CP-2016-21          Conducta
      TS-10,491                                        Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 20 de diciembre de 2017.

El Lcdo. Julio C. Blain León (licenciado Blain o querellado) fue admitido al ejercicio de la abogacía el 30 de junio de 1993 y a la práctica de la notaría el 26 de enero de 1994. A pesar de su largo historial como letrado y de otras circunstancias atenuantes, nos vemos obligados a separar al querellado de la profesión legal durante el término de sesenta (60) días por incurrir en conducta contraria a los postulados que rigen la misma. Veamos.

I

## A. Hechos

A finales del año 2010, la Sra. Leonida Pérez Arce y su hijo, el Sr. Ángel Y. Sánchez Pérez (señor Sánchez o querellante) contrataron los servicios profesionales del licenciado Blain para que representara al señor Sánchez durante el trámite de una apelación criminal. Conforme a ello, el 3 de diciembre de 2010 el querellado presentó un recurso ante el Tribunal de Apelaciones en el que solicitó la revocación de varias sentencias por alegadas violaciones al debido proceso de ley.

El 13 de diciembre de 2010, el Tribunal de Apelaciones emitió una Resolución mediante la cual le ordenó al foro primario elevar los autos originales del caso. También instruyó al señor Sánchez a solicitar la regrabación del juicio y a someter una transcripción de la misma. El 19 de enero de 2011, el licenciado Blain compareció para acreditar que recibió la regrabación del juicio y que tramitaría su transcripción.

Entre tanto, el Ministerio Público presentó una moción en la que indicó que el licenciado Blain no certificó que notificó al Tribunal de Primera Instancia sobre el recurso apelativo. Conforme a lo anterior, el 21 de enero de 2011, el Tribunal de Apelaciones le concedió al licenciado Blain cinco (5) días para que replicara y certificara que cumplió con el requisito de

notificación.[1]  Vencido dicho término, el 4 de febrero de 2011, el querellado presentó una *Moción Certificativa* donde acreditó que notificó oportunamente el recurso apelativo al foro primario.

El 4 de abril de 2011, el Tribunal de Apelaciones emitió otra Resolución en la que le ordenó al licenciado Blain que informara el estado de la transcripción en el término de cinco (5) días.[2]  Previo a notificarse dicho dictamen, el 11 de abril de 2011 el licenciado Blain sometió la transcripción del juicio.[3]  Así las cosas, el foro apelativo intermedio le concedió al Estado un término de veinte (20) días para informar si estipulaba el contenido de la misma.  No obstante, el Ministerio Público sometió una *Moción Informativa y en Solicitud de Remedios* en la que afirmó que no había recibido la referida *Moción Certificativa* ni la transcripción del juicio.  El 4 de mayo de 2011, el Tribunal de Apelaciones le ordenó al licenciado Blain que notificara los referidos documentos al Ministerio Público y al Fiscal Víctor Galán en el término de cinco (5) días.[4]

El 6 de junio de 2011, el Ministerio Público presentó una *Moción en Solicitud de Término Adicional para Expresarnos en Torno a Transcripción* en la cual indicó,

---

[1]    Esta determinación fue notificada el 25 de enero de 2011.

[2]    Esta Resolución fue notificada el 12 de abril de 2011.

[3]    Además, el Lcdo. Julio C. Blain León solicitó un término de treinta (30) días para someter su alegato.

[4]    Esta Resolución fue notificada el 9 de mayo de 2011.

entre otras cosas, que el 19 de mayo de 2011 recibió la transcripción del juicio. Sin embargo, compareció posteriormente para objetar la misma, ya que consideró que estaba incompleta. Del mismo modo, informó que era sumamente importante que, para una mayor comprensión de lo transcrito, el foro revisor tuviera ante sí un video presentado en el juicio.

El 1 de julio de 2011, el Tribunal de Apelaciones le ordenó al licenciado Blain que presentara, en el término de treinta (30) días, una transcripción suplementaria que reflejara la totalidad del juicio y una copia certificada del referido video.[5]

Transcurridos más de dos (2) meses y ante el incumplimiento del licenciado Blain, el 16 de septiembre de 2011 el foro apelativo intermedio dictó otra Resolución en la que le otorgó al querellado un término adicional de cinco (5) días para informar el estado de la transcripción suplementaria y de la copia certificada del video.[6]

Sobre un mes más tarde, el 8 de noviembre de 2011 el Tribunal de Apelaciones le ordenó al licenciado Blain que, en el término de cinco (5) días, mostrara causa por la cual no se debía desestimar el recurso de apelación por el reiterado incumplimiento con lo ordenado en las resoluciones de 1 de julio y 16 de septiembre de 2011.[7]

---

[5]    La Resolución fue notificada el 13 de julio de 2011.

[6]    La Resolución fue notificada el 21 de septiembre de 2011.

[7]    La Resolución fue notificada el 14 de noviembre de 2011.

Así las cosas, el 2 de diciembre de 2011 el foro apelativo intermedio emitió una Resolución donde manifestó que el licenciado Blain no había justificado su incumplimiento con las directrices de dicho foro, lo que, a su vez, incidía sobre el perfeccionamiento del recurso. Por lo tanto, le impuso al querellado una sanción de $200.00, a ser pagada en o antes del 15 de diciembre de 2011. Además, le ordenó cumplir con los referidos dictámenes, so pena de desestimación del recurso. La determinación fue notificada el 12 de diciembre de 2011 a los representantes legales de las partes y al señor Sánchez.

El 22 de diciembre de 2011, el licenciado Blain presentó una *Moción Informativa en Cumplimiento de Orden* en la que explicó que, por razones personales y ajenas a su voluntad, no pudo cumplir con los requerimientos del foro apelativo intermedio, por lo cual se disculpó.[8] No obstante, pagó la sanción impuesta y solicitó la continuación de los procedimientos, así como un término para cumplir con las referidas órdenes.

El 11 de enero de 2012, el foro apelativo intermedio le concedió al querellado un término final de 45 días para cumplir con las órdenes previas, so pena de desestimación del recurso. Este dictamen fue notificado el 13 de enero

---

[8] El licenciado Blain manifestó que su señor padre padece de cáncer y su señora madre es paciente de Alzheimer. Afirmó que estas circunstancias provocaron que no pudiera trabajar por varios meses.

de 2012 a los representantes legales de las partes y al querellante.

Trascurrido el plazo final sin la comparecencia del licenciado Blain ni del señor Sánchez, el 28 de marzo de 2012 el Tribunal de Apelaciones dictó una Sentencia desestimatoria. Esta determinación se basó en el reiterado e injustificado incumplimiento por parte del querellado con las órdenes de dicho foro, lo que impidió el perfeccionamiento del recurso apelativo.

## B. Trámite Disciplinario

Inconforme con la representación legal recibida, el 8 de junio de 2015, el señor Sánchez presentó una queja disciplinaria en contra del licenciado Blain ante este foro. Alegó que éste incumplió con su deber de preparar y perfeccionar el recurso apelativo, impidiendo de este modo que pudiera ejercer su derecho a apelar su convicción criminal. Por lo cual, mediante el trámite disciplinario, solicitó la devolución de los honorarios de abogado y los gastos incurridos en la tramitación del proceso apelativo.

El 3 de septiembre de 2015, el licenciado Blain presentó su *Contestación a Queja*.[9] Afirmó que fue contratado para representar al señor Sánchez en la etapa apelativa de un caso criminal, por lo que inició y realizó varias gestiones relacionadas a dicho proceso. No obstante, admitió que, debido a unos problemas de salud que padecían sus progenitores, confrontó una serie de

---

[9] Previamente, el querellado solicitó una prórroga de treinta (30) días para contestar la queja, la cual fue concedida el 3 de agosto de 2015.

situaciones familiares y personales que le impidieron continuar con la tramitación del recurso apelativo, lo que provocó su desestimación. Explicó que tanto el querellante como su señora madre estaban informados sobre el resultado del proceso apelativo y que, a pesar de ello, lo contrataron nuevamente para otros asuntos y gestiones legales.[10]  Señaló que las partes han mantenido una comunicación abierta y que, previo a la presentación de la queja, el señor Sánchez no había reclamado la devolución de las partidas pagadas para el trámite apelativo.[11]  En esa línea, aseveró que, en consideración a los pagos recibidos, los servicios legales prestados luego de dictada la Sentencia del Tribunal de Apelaciones se realizaron sin reclamo de honorarios adicionales.

Contando con la posición de ambas partes, el 19 de enero de 2016 se remitió el asunto a la Oficina de la Procuradora General para la correspondiente investigación e informe.  El 29 de abril de 2016, la Oficina de la Procuradora General nos presentó el mismo.  Expuso que, por la conducta desplegada en la tramitación de la apelación criminal, el licenciado Blain incurrió en varias violaciones al Código de Ética Profesional, *infra*, a

---

[10]  En particular, el licenciado Blain manifestó que representó al querellante, Sr. Ángel Y. Sánchez Pérez (señor Sánchez), durante un procedimiento de reclasificación de custodia.  Además, afirmó que realizó gestiones ante la Junta de Libertad Bajo Palabra para un proceso de conmutación de sentencia.  También indicó que fue contratado para iniciar gestiones relacionadas a una solicitud de nuevo juicio.  Finalmente, acreditó que fungió como notario en una escritura en la que el señor Sánchez otorgó un poder a favor de su señora madre.

[11]  El licenciado Blain indicó que, luego de presentada la queja, estuvo dispuesto a llegar a un acuerdo razonable en el contexto económico.

saber: Canon 9 (incumplir con las órdenes del Tribunal de Apelaciones); Canon 12 (causar demoras injustificadas en el trámite del caso), y Canon 18 (no defender adecuada y diligentemente los intereses de su cliente).

Posteriormente, le concedimos al licenciado Blain un término de veinte (20) días para expresarse en torno al informe de la Procuradora. Con el beneficio de una prórroga, compareció en cumplimiento de nuestra orden. En cuanto a las imputaciones de violación a los Cánones 9 y 12, reconoció que, por motivo de la condición de salud de sus padres, incurrió en dilaciones al cumplir con algunas de las órdenes del Tribunal de Apelaciones. Sobre este particular, afirmó que no se trató de una inobservancia intencional ni de un asunto de responsabilidad profesional. En torno a la alegación concerniente al Canon 18, reiteró que, a pesar del resultado de la apelación criminal, el querellante y su señora madre continuaron utilizando los servicios profesionales del querellado. Finalmente, solicitó que se tomara en consideración los años que llevaba de servicio como abogado de oficio en beneficio de los derechos de los confinados.

El 18 de noviembre de 2016, le ordenamos a la Procuradora General que presentara la correspondiente Querella. Mediante la misma, la Procuradora General formuló cuatro (4) cargos en contra del licenciado Blain por incurrir en conducta constitutiva de violación al

Código de Ética Profesional, *infra*, por: incumplir con las órdenes del Tribunal de Apelaciones (Canon 9); causar demoras innecesarias al no tramitar la apelación encomendada de manera puntual y diligente (Canon 12); infringir su deber de defender con diligencia y competencia los intereses de su cliente (Canon 18), y no solicitar la renuncia de la representación legal a pesar de que estaba impedido de llevar a cabo adecuadamente la labor encomendada (Canon 20).

Tras obtener una prórroga, el licenciado Blain presentó su *Contestación a Querella* en la que sostuvo que, debido a las condiciones de salud de sus padres, estuvo impedido de cumplir con varias órdenes del Tribunal de Apelaciones y de continuar con el proceso apelativo del caso criminal del señor Sánchez. Ahora bien, reiteró que esto no fue óbice para que continuara representando al querellante en otras labores legales, realizadas sin reclamo adicional de honorarios de abogado. El querellado reconoció que no fue diligente en el trámite procesal de la apelación criminal, que debió esforzarse para dar cumplimiento a las órdenes del Tribunal de Apelaciones y que, en su defecto, debió renunciar a la representación legal ostentada. Por lo cual, aceptó las violaciones a los Cánones de Ética Profesional, *infra*, imputadas en la Querella y expresó su total arrepentimiento. Además, solicitó que, al emitir nuestra correspondiente determinación, consideremos los siguientes atenuantes: su

desempeño responsable y diligente durante 24 años en la práctica legal y que no existen quejas o querellas previas en su expediente profesional.

## II

El Código de Ética Profesional, 4 LPRA Ap. IX (2012 y Supl. 2016), establece las normas mínimas que rigen la conducta de los letrados admitidos a ejercer la abogacía en nuestra jurisdicción. *In re* Nazario Díaz II, 2017 TSPR 159, 198 DPR ___ (2017). *In re* Vázquez Bernier, 2017 TSPR 124, 198 DPR ___ (2017); *In re* Hernández López, 2017 TSPR 23, 197 DPR ___ (2017). Lo anterior tiene el propósito de promover una conducta ejemplar para beneficio de la ciudadanía, las instituciones de justicia y de la propia profesión legal. *In re* Nazario Díaz II, *supra*; *In re* Vázquez Bernier, *supra*. Como funcionarios del tribunal, los abogados deben conducirse con diligencia, competencia y honradez, de forma que se mantenga un orden jurídico íntegro y eficaz. *In re* Feliciano Rodríguez, 2017 TSPR 109, 198 DPR ___ (2017); *In re* Hernández López, *supra*.

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), le impone a los letrados el deber de mantener una conducta respetuosa hacia los tribunales. *In re* Vázquez Bernier, *supra*; *In re* García Ortiz, 2017 TSPR 116, 198 DPR ___ (2017); *In re* Avilés Vega, 2017 TSPR 56, 197 DPR ___ (2017). Ello comprende la obligación de atender con prontitud las órdenes y requerimientos de los tribunales. *In re* Vázquez Bernier, *supra*; *In re* García

Ortiz, *supra*; *In re* Feliciano Rodríguez, *supra*. Así pues, reiteradamente hemos expresado que el hacer caso omiso a "los requerimientos de un tribunal quebranta los postulados consagrados en dicho canon, de tal manera, que puede conllevar sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión". *In re* Avilés Vega, *supra*. Véanse, además, *In re* Feliciano Rodríguez, *supra*; *In re* Montalvo Delgado, 196 DPR 541 (2016); *In re* Torres Román, 195 DPR 882 (2016). Esto se debe a que incumplir con lo anterior constituye un desafío al poder judicial. *In re* Vázquez Bernier, *supra*; *In re* Avilés Vega, *supra*; *In re* Rodríguez Quesada, 195 DPR 967 (2016).

Del mismo modo, el Canon 12 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), impone el deber de todo abogado de "ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas". Esto conlleva "el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución". Íd. Este deber, que se extiende a todas las etapas de un litigio, presupone un trámite responsable, puntual y diligente del pleito. *In re* Irizarry Vega, 2017 TSPR 166, 198 DPR ___ (2017); *In re* Vázquez Bernier, *supra*; *In re* Avilés Vega, *supra*; *In re* Montalvo Delgado, *supra*.

En reiteradas ocasiones hemos manifestado que las actuaciones u omisiones que coloquen en riesgo la causa de acción de los clientes son violaciones patentes a este

canon. *In re* Vázquez Bernier, *supra*; *In re* Feliciano Rodríguez, *supra*; *In re* Avilés Vega, *supra*; *In re* Montalvo Delgado, *supra*. Ello pues, cuando un abogado incumple con el deber de diligencia exigido por el referido Canon 12, puede ocasionar un menoscabo de los derechos de su cliente. *In re* García Ortiz, *supra*.

En esa línea, también hemos expresado que la continua desobediencia a las órdenes judiciales constituye una conducta contraria al Canon 12. *In re* Avilés Vega, *supra*; *In re* Nazario Díaz, 195 DPR 623 (2016); *In re* Villalba Ojeda, 193 DPR 966 (2015). El reiterado incumplimiento con lo anterior, a su vez, "demuestra el desconocimiento de los principios éticos más básicos que exigen el mayor respeto hacia los juzgadores". *In re* Feliciano Rodríguez, *supra*.

Por su parte, el Canon 18 del mismo cuerpo normativo, 4 LPRA Ap. IX (2012), establece, en su parte pertinente que:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado defender los intereses de su cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Conforme a lo anterior, al asumir la representación legal, los abogados se obligan a defender los intereses de

sus clientes de una forma capaz, competente y diligente. *In re* Irizarry Vega, *supra*; *In re* Vázquez Bernier, *supra*; *In re* Avilés Vega, *supra*. Es decir, el abogado debe realizar las gestiones encomendadas de manera oportuna, adecuada y responsable; sin dilaciones que puedan afectar la tramitación o la efectiva solución del pleito. *In re* Irizarry Vega, *supra*; *In re* Feliciano Rodríguez, *supra*; *In re* Avilés Vega, *supra*. Lo opuesto, es decir, "[l]a inacción, la imprudencia, el desinterés y la desidia en la tramitación de los asuntos que le han sido confiados, constituyen una patente infracción al Canon 18." *In re* Avilés Vega, *supra*, citando a *In re* Roldán González, 195 DPR 414, 423 (2016).

En diversas ocasiones, hemos detallado algunas de las conductas específicas que contravienen lo dispuesto en el Canon 18, a saber: **desatender o abandonar el caso; ignorar órdenes judiciales;** no comparecer a los señalamientos pautados por el tribunal; incurrir en errores crasos; permitir que prescriba el término de una acción, o **cualquier tipo de actuación negligente que pueda resultar o, en efecto, produzca la desestimación o el archivo del pleito.** *In re* Irizarry Vega, *supra*; *In re* Avilés Vega, *supra*; *In re* Roldán González, *supra*; *In re* Rivera Nazario, 193 DPR 573 (2015).

A esos efectos, debemos reiterar que "es impropio que 'el abogado presente la acción correspondiente para luego desligarse del trámite del pleito'". *In re* Feliciano

Rodríguez, *supra*, citando a *In re* Nazario Díaz, *supra*, pág. 637. Esto es particularmente importante ya que el abandono del caso "pondría en peligro los derechos de su cliente y entorpecería la administración de la justicia". *In re* Feliciano Rodríguez, *supra*. Así pues, incluso "si el abogado está atravesando por una situación personal difícil, ello no justifica su desatención del caso". *In re* García Ortiz, *supra*.

Por otra parte, el Canon 20 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), establece que, previo a renunciar a la representación legal, el abogado debe tomar medidas razonables para evitar perjuicio a los derechos de su cliente. Además, el referido Canon requiere que:

> Cuando el abogado haya comparecido ante un tribunal en representación de un cliente, no puede ni debe renunciar la representación profesional de su cliente sin obtener el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello. Íd.

Conforme a lo anterior, mientras el tribunal no conceda la renuncia, un abogado mantiene su deber "de llevar a cabo su gestión de forma diligente y competente, acorde a las exigencias del Código de Ética Profesional". *In re* Avilés Vega, *supra*. De manera que el abogado viola este Canon al abandonar o desligarse por completo del asunto encomendado sin antes solicitarle al tribunal el relevo de la representación legal. *In re* Avilés Vega, *supra*; *In re* Polanco Ortiz I, 196 DPR 126 (2016).[12] Así

---

[12] En ese sentido, también hemos determinado que un abogado infringe el referido Canon 20 de Ética Profesional, 4 LPRA Ap. IX (2012), cuando no puede

pues, se quebranta este precepto cuando se renuncia tácitamente a la representación legal, sin cumplir con el procedimiento establecido para ello. *In re* Villalba Ojeda, *supra*.

Finalmente, el Canon 20 exige que, al renunciar a la encomienda legal, el abogado deberá entregar el expediente y los documentos del caso, así como reembolsar inmediatamente cualquier cuantía pagada por adelantado por servicios que no se hayan prestado. Véanse *In re* García Ortiz, *supra*; *In re* Pestaña Segovia, 192 DPR 485 (2015).

### III

Estudiado el derecho aplicable y la conducta exhibida y admitida por el licenciado Blain, entendemos que éste infringió los Cánones de Ética Profesional, *supra*, imputados en la Querella. Veamos.

Entre el 11 de abril de 2011 y el 21 de diciembre de 2011, es decir, durante aproximadamente ocho (8) meses, el licenciado Blain no compareció ante el foro apelativo intermedio, esto a pesar de las cuatro (4) órdenes emitidas por dicho foro para que sometiera una transcripción suplementaria y copia certificada de un video.[13] Estas órdenes no se acataron oportunamente, aun cuando se le instruyó que mostrara causa por la cual no se

_____

llevar a cabo la labor encomendada, aunque ello sea porque el cliente se tornó inaccesible. *In re* Nazario Díaz, 195 DPR 623 (2016). De igual modo, cuando surjan diferencias entre el abogado y su cliente que impidan el cumplimiento con una orden del tribunal, el abogado deberá solicitar formalmente la renuncia a la representación legal. *In re* Villalba Ojeda, 193 DPR 966 (2015).

[13] Estas determinaciones del Tribunal de Apelaciones corresponden al 1 de julio de 2011, el 16 de septiembre de 2011, el 8 de noviembre de 2011 y el 2 de diciembre de 2011.

debía desestimar el recurso apelativo por motivo de su inacción. La desatención del licenciado Blain conllevó la imposición de sanciones económicas.

Además, en enero de 2012, el foro apelativo intermedio le concedió al licenciado Blain un término final de 45 días para que cumpliera con lo ordenado, so pena de la desestimación del recurso. A pesar de ello, unos 75 días más tarde, el 28 de marzo de 2012 el Tribunal de Apelaciones se vio obligado a desestimar el recurso por no haberse perfeccionado debido a la incomparecencia del querellado. Sin lugar a dudas, el proceder de éste causó demoras injustificadas en el trámite del asunto encomendado y la pérdida del derecho del señor Sánchez de apelar su convicción criminal.

Con el comportamiento pormenorizado en los párrafos que anteceden, el licenciado Blain demostró una conducta contraria al Código de Ética Profesional, *supra*. En primer lugar, violó los Cánones 9, 12 y 18 de dicho cuerpo normativo al no mantener una conducta respetuosa hacia el Tribunal de Apelaciones tras hacer caso omiso a sus órdenes en repetidas ocasiones. Además, infringió patentemente los Cánones 12 y 18 al no realizar un trámite diligente y por abandonar el caso ante dicho foro. Esto provocó dilaciones que impidieron el perfeccionamiento del recurso, lo que produjo la desestimación del mismo y el menoscabo de los derechos de su cliente.

Por otra parte, la Querella en contra del licenciado Blain imputó una violación al Canon 20 de Ética Profesional, *supra*. Este Canon requiere que, para poder desligarse de un litigio ante el tribunal, el abogado tiene que solicitar formalmente al foro pertinente el relevo de la representación legal.

En su *Contestación a Querella*, el licenciado Blain reconoció que, con su proceder, violó los cánones de ética imputados y que, al no poder cumplir con las órdenes del Tribunal de Apelaciones, debió renunciar a la representación legal ostentada. Así pues, al abandonar el caso sin la anuencia del foro apelativo intermedio, el querellado violó los preceptos del Canon 20 de Ética Profesional, *supra*.

Consecuentemente, procede determinar la sanción disciplinaria a imponerle al licenciado Blain por el comportamiento exhibido. Para ello, debemos considerar los siguientes factores: (1) la buena reputación del abogado en la comunidad; (2) su historial disciplinario previo; (3) si la conducta es aislada; (4) si medió ánimo de lucro; (5) si presentó una defensa frívola; (6) si su conducta ocasionó perjuicio a alguna parte; (7) el resarcimiento al cliente; (8) si demostró aceptación o un arrepentimiento sincero por su conducta y, (9) cualquier otro atenuante o agravante que surja de los hechos. *In re* Avilés Vega, *supra; In re* Vilches López, 196 DPR 479 (2016).

Debemos tener presente que, aunque el querellado enfrentó una situación personal difícil, ello no justifica la conducta desplegada. No obstante, esto constituye un atenuante al momento de determinar la sanción disciplinaria a imponérsele.

También es importante destacar que, ante el incumplimiento del licenciado Blain, el Tribunal de Apelaciones comenzó a notificarle sus determinaciones directamente al señor Sánchez. Así pues, el querellante tenía conocimiento de la situación ante dicho foro y, a pesar de ello, decidió mantener la relación profesional con el querellado para que realizara otros trámites legales. Finalmente, al imponer la sanción, también tomamos en consideración que el licenciado Blain cuenta con una trayectoria de 24 años en la práctica legal, que ésta es la primera ocasión que nos vemos obligados a sancionarlo y que reconoció su conducta y expresó su total arrepentimiento.

**IV**

Analizado el derecho aplicable, así como las infracciones éticas incurridas por el Lcdo. Julio C. Blain León y los referidos atenuantes, decretamos su suspensión inmediata del ejercicio de la abogacía y de la notaría por el término de sesenta (60) días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia. Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos y

devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. El incumplir con lo anterior podrá conllevar que no se le reinstale, del querellado solicitarlo posteriormente.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial del señor Blain León y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. Del mismo modo, la fianza notarial queda automáticamente cancelada.[14] Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al querellado a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

---

[14] La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el querellado durante el periodo en que la misma estuvo vigente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Julio C. Blain León        CP-2016-21      Conducta
   (TS-10,491)                        Profesional

SENTENCIA

En San Juan, Puerto Rico a 20 de diciembre de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata del Lcdo. Julio C. Blain León del ejercicio de la abogacía y de la notaría por el término de sesenta (60) días.

El señor Blain León deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia. No hacerlo pudiera conllevar que no se le reinstale cuando lo solicite.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial del señor Blain León y entregarlos al Director de la Oficina de Inspección de Notarías para

el correspondiente examen e informe.  Del mismo modo la fianza notarial queda automáticamente cancelada.  La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Blain León durante el periodo en que la misma estuvo vigente.

Notifíquese personalmente la Opinión *Per Curiam* que antecede y esta Sentencia al señor Blain León a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.  El Juez Asociado señor Colón Pérez concurre sin opinión escrita.  La Juez Asociada señora Rodríguez Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo