EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Lcdo. Nelson V. Vélez Concepción (TS-15,043) | 2018 TSPR 161  201 DPR ____ |
|---|---|

Número del Caso:  CP-2016-15


Fecha: 12 de septiembre de 2018


Abogado del promovido:

      Lcda. Natalia Vargas Nazario


Oficina del Procurador General:

      Lcdo. Karla Pacheco Álvarez
      Sub Procuradora General

      Lcda. Minnie H. Rodríguez López
      Procuradora General Auxiliar


Materia:  La suspensión será efectiva el 27 de septiembre de 2018, fecha en que se le notificó por al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Lcdo. Nelson V. Vélez<br>Concepción<br>(TS-15,043) | CP-2016-15 |

PER CURIAM

San Juan, Puerto Rico, a 12 de septiembre de 2018.

Este caso plasma la necesidad de reiterar que los abogados y abogadas tienen la obligación de cumplir con los Cánones de Ética Profesional, infra, en cuanto a su deber de diligencia en el trámite de las encomiendas de sus clientes y de renunciar a la representación legal debidamente. Ello, pues no cumplir con lo anterior vulnera los derechos y los trámites de los clientes, así como los procesos legales, inyectándolos de incertidumbre y dilación.

Examinemos el trasfondo fáctico y procesal del caso de epígrafe.

I

El Lcdo. Nelson V. Vélez Concepción (licenciado Vélez Concepción) fue admitido al ejercicio de la abogacía el 13

de julio de 2004 y juramentó como notario el 19 de junio de 2006.

En marzo de 2012, el Sr. Rainiero Torres Lugo (señor Torres) presentó una queja en contra de varios abogados, incluido el licenciado Vélez Concepción (AB-2012-104). Alegó que contrató los servicios legales del Bufete Vélez Lugo en el que laboraban éstos, ante una acción de daños y perjuicios incoada en su contra. Indicó que, al momento en que el licenciado Vélez Concepción fungía como su abogado de récord, éste no compareció al señalamiento del juicio y que, por tal razón, se le anotó la rebeldía y, posteriormente, se dictó una sentencia en rebeldía en su contra. Añadió que, tras la sentencia, los abogados se negaron a recibirlo y dejaron pasar el término para apelar, lo que provocó la ejecución de la sentencia. A su vez, adujo que la actuación negligente de estos abogados le ocasionó grandes pérdidas económicas.

En respuesta, el licenciado Vélez Concepción explicó que inicialmente, quien asumió la representación legal del señor Torres fue su padre, el Lcdo. Nelson Vélez Lugo (licenciado Vélez Lugo). Empero, ante la separación temporal de este último de la profesión legal,[1] asumió la representación del señor Torres. Agregó que, como tal, realizó varias gestiones en el caso. Detalló que, ante la reinstalación de su padre a la abogacía, el señor Torres

---

[1] En *In re* Vélez Lugo, 175 DPR 854 (2009), el Lcdo. Nelson Vélez Lugo fue suspendido de la abogacía por tres meses.

optó que éste continuara como su abogado, razón por la cual le devolvió el expediente al cliente. Así, indicó que, a ese momento, cesaron sus funciones en el Bufete Vélez Lugo. Además, resaltó que el señor Torres fue poco diligente al no contratar una nueva representación legal.

Ante tal relato, este Tribunal ordenó a la Oficina del Procurador General investigar el asunto, lo cual cumplió. Tanto de su Informe Preliminar como del Informe Final se desprende que el licenciado Vélez Concepción asumió la representación legal del señor Torres en el pleito de daños y perjuicios, una vez su padre, el licenciado Vélez Lugo, fue suspendido del ejercicio de la abogacía. Entre otras gestiones en el pleito, el licenciado Vélez Concepción acordó la celebración del juicio para el 9 de junio de 2010. No obstante, llegada la fecha, no compareció al juicio ni a los siguientes señalamientos del tribunal. De ese modo, el licenciado Vélez Concepción no ejerció la representación del señor Torres, aun cuando no tenía una autorización del tribunal para renunciar a ello. Al no cumplirse las órdenes del tribunal para que el Bufete Vélez Lugo o el señor Torres aclararan la representación legal o anunciaran una nueva, el foro primario optó por anotar la rebeldía y eliminar las alegaciones. Ante tales hechos, la Oficina del Procurador General concluyó que el licenciado Vélez Concepción incurrió en violaciones a los Cánones 18, 20 y 38 de Ética Profesional, 4 LPRA Ap. IX.

Evaluado lo anterior, este Tribunal ordenó a la Oficina del Procurador General presentar la querella correspondiente. En su contestación a la querella, el licenciado Vélez Concepción negó cualquier violación a los Cánones de Ética Profesional, por lo que solicitó el archivo de la querella. Insistió que fue el propio quejoso quien le solicitó su renuncia, pues interesaba que el licenciado Vélez Lugo asumiera su representación legal. A ello, agregó que redactó la moción de relevo de representación legal, pero que el señor Torres exigió radicar tal escrito por lo que le delegó tal encomienda y le devolvió su expediente, lo que reconoció fue incorrecto y una inobservancia indebida. Asimismo, indicó que en la moción se notificaba al tribunal su nueva dirección, razón por la que no tuvo conocimiento de las notificaciones posteriores. Además, señaló que el tiempo en que asumió tal representación legal lo hizo de manera diligente y competente; y que el propio señor Torres fue negligente al no contratar una nueva representación legal, aun cuando el tribunal le concedió un amplio término para ello.

Así las cosas, designamos al Hon. Carlos Rodríguez Muñiz como Comisionado Especial y referimos el asunto a su consideración. En la vista en su fondo, testificaron el licenciado Vélez Lugo y el Lcdo. Arnaldo Irizarry Irizarry, quienes fueron inicialmente parte de la queja. Una vez evaluada la prueba, el Comisionado Especial rindió su Informe. En éste, concluyó que el licenciado Vélez

Concepción violó los Cánones 18 y 20 de Ética Profesional, *supra*. Ello, al no comparecer al señalamiento del juicio para el 9 de junio de 2010, fecha acordada por él mismo, y lo cual inició la cadena de eventos que culminó con una sentencia en rebeldía, y por renunciar *de facto* a la representación del señor Torres sin notificarlo al tribunal ni tomar las medidas necesarias para evitarle algún perjuicio a su cliente. Respecto a la sanción, el Comisionado Especial recomendó la suspensión inmediata del ejercicio de la abogacía por el término de tres meses.

A tales efectos, el Comisionado Especial tomó en consideración los siguientes factores: (1) la buena reputación del licenciado Vélez Concepción; (2) aunque tenía quejas anteriores, no había sido objeto de sanción disciplinaria; (3) causó perjuicio al cliente quejoso; (4) aceptó parte de los hechos, pero no demostró arrepentimiento; (5) su defensa fue frívola; (6) no constituyó una conducta aislada y, (7) su conducta no fue motivada por ánimos de lucro.

Por su parte, el licenciado Vélez Concepción, a través de su representante legal, objetó algunos de los factores considerados por el Comisionado Especial, tales como: que se trataba de una conducta aislada, resaltó su buena reputación, demostró arrepentimiento y puntualizó que su defensa no fue frívola.

## II

### A.

El Canon 18 de Ética Profesional, 4 LPRA Ap. IX, C. 18, establece que "[e]s deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Íd. Así, requiere que todos los abogados y abogadas sean especialmente diligentes en el cumplimiento de sus obligaciones. In re Medina Torres, res. el 22 de junio de 2018, 2018 TSPR 123.

El abogado o la abogada incurre en una falta al Canon 18, supra, cuando, a pesar de asumir la representación legal de un cliente, demuestra una capacitación inadecuada o presta una atención indebida a la causa encomendada. In re López Santiago, res. el 21 de febrero de 2018, 2018 TSPR 31; In re Roldán González, 195 DPR 414, 422 (2016). De ese modo, cualquier actuación que pueda conllevar, o que en efecto conlleve, la desestimación o el archivo de un caso constituye una infracción a este Canon. In re Vázquez Bernier, 198 DPR 459, 467 (2017).

Entre las conductas que infringen lo preceptuado en el Canon 18, supra, se han reconocido, entre otras: no comparecer a los señalamientos del tribunal; desatender o abandonar el caso; y cualquier tipo de acción negligente que pueda conllevar o, en efecto, que resulte en la desestimación o el archivo del caso. In re Otero Calero,

res. el 15 de junio de 2018, 2018 TSPR 112. Por tanto, hemos reafirmado que en la profesión legal no hay espacio para actuar con desidia, despreocupación, displicencia, indiferencia e inacción. In re López Santiago, supra; In re Nazario Díaz, 198 DPR 793, 803 (2017).

B.

Por otra parte, el Canon 20 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 20, dicta el procedimiento y los preceptos éticos que deben seguir los abogados al renunciar a la representación legal de un cliente. En particular, dispone que "[c]uando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello". Íd. A ello, agrega que el abogado o abogada debe tomar las medidas razonables para evitar algún perjuicio a su cliente. Íd.

Por consiguiente, viola este Canon el abogado o la abogada que abandona o se desliga por completo del asunto encomendado sin antes solicitarle al tribunal el relevo de la representación legal. In re Blain León, res. el 20 de diciembre de 2017, 2018 TSPR 11. Así pues, se quebranta este precepto cuando se renuncia tácitamente a la representación legal, sin cumplir con el procedimiento establecido para ello. Íd.

Asimismo, el Canon 20, supra, exige que, al renunciar a la encomienda legal, el abogado o la abogada debe entregar el expediente y los documentos del caso, así como reembolsar inmediatamente cualquier cuantía pagada por adelantado por servicios que no se hayan prestado. In re Blain León, supra.

A la luz del marco jurídico expuesto, procedemos a evaluar la conducta desplegada por el licenciado Vélez Concepción.

**III**

Al evaluar el expediente ante nuestra consideración, determinamos que el licenciado Vélez Concepción violó los Cánones 18 y 20 de Ética Profesional, supra.

El licenciado Vélez Concepción asumió la representación legal del señor Torres, una vez el padre del primero (licenciado Vélez Lugo) fue suspendido de la práctica legal. Aun cuando el licenciado Vélez Concepción hizo la salvedad al Tribunal de Primera Instancia que tal representación sería, hasta tanto, su padre fuera reinstalado al ejercicio de la abogacía, la realidad es que al asumir tal representación legal, también asumió las responsabilidades y las obligaciones éticas que tal representación conllevaba. El deber ético de representación legal continúa hasta que el tribunal autorice una renuncia, no puede ser condicionado

unilateralmente a *priori* por el abogado o la abogada que asume la representación legal de un cliente.

Como representante legal del señor Torres, el licenciado Vélez Concepción realizó varias gestiones en el pleito judicial. Dentro de tales gestiones, coordinó con la abogada de la otra parte la fecha en que se celebraría el juicio, a saber, el 9 de junio de 2010. Ahora bien, llegada la fecha del juicio, el licenciado Vélez Concepción no compareció, lo que provocó un disloque en el trámite del caso ante la confusión de quién sería la representación legal del señor Torres. Ello, pues días antes de la fecha pautada para la celebración del juicio otro abogado del Bufete Vélez Lugo, el Lcdo. Arnaldo Irizarry Irizarry, presentó una moción en la que informó que el licenciado Vélez Concepción era el abogado del señor Torres, pero que ya no laboraba para el mencionado bufete, por lo que le solicitó renunciara al caso. Asunto que el licenciado Vélez Concepción no hizo. Además, el licenciado Irizarry Irizarry advirtió que no podía asumir la representación del señor Torres toda vez que intervino en varios casos del señor Torres cuando era juez municipal.

Ante tal confusión, el foro primario concedió varios términos al señor Torres para que anunciara una nueva representación legal, con el apercibimiento de que incumplir tal orden podía acarear la eliminación de las alegaciones y la anotación de la rebeldía. El señor Torres

presentó una moción por derecho propio en la que explicó que entendía que estaba representado por el licenciado Vélez Concepción y que éste se encontraba trabajando su caso. A tales fines, el Tribunal de Primera Instancia le concedió un término final para anunciar una nueva representación legal y acudir a la oficina del Bufete Vélez Lugo para que le aclararan la situación. Al señor Torres no cumplir con lo ordenado, se le anotó la rebeldía.[2]

En su defensa, el licenciado Vélez Concepción alegó que el propio señor Torres le informó que no deseaba su representación legal. No obstante, el licenciado Vélez Concepción aduce que delegó en el cliente la encomienda de presentar la moción de relevo de representación legal. Ello, sin cerciorarse que, en efecto, la misma fuese presentada. Acorde con los postulados del Canon 20, supra, era responsabilidad del abogado, no del cliente, solicitar tal relevo y cerciorarse de recibir la autorización del tribunal para ello. Sin tal autorización, el licenciado Vélez Concepción aún tenía la responsabilidad de representar al señor Torres con la debida diligencia y personarse el día del juicio. Ante la envergadura de la moción de renuncia, hemos recomendado que los abogados y las abogadas la presenten personalmente o por correo

---

[2] Al celebrarse el juicio en rebeldía ya el licenciado Vélez Lugo (padre) era el abogado del señor Torres, pero tampoco compareció. A raíz de ello, se dictó una sentencia en rebeldía en contra del señor Torres.

certificado, para así asegurar su llegada al tribunal. <u>In re Amill Acosta</u>, 181 DPR 934, 943 (2011).[3]

El mal manejo del asunto por parte del licenciado Vélez Concepción colocó a su cliente en un estado de vulnerabilidad, pues lo dejó desprovisto de representación legal precisamente a la fecha en que estaba anunciado el inicio del juicio. Ello, conllevó una violación al Canon 18, <u>supra</u>, pues el licenciado Vélez Concepción no fue diligente en la encomienda dada por el señor Torres. A su vez, violó el Canon 20, <u>supra</u>, al renunciar *de facto* a la representación del señor Torres, sin obtener el permiso del tribunal. El hecho de no anunciar debidamente la renuncia a la representación legal ni obtener la autorización del tribunal para tal relevo, según lo requiere el Canon 20 de Ética Profesional, <u>supra</u>, propició una confusión tal que el foro primario solicitó en varias ocasiones que se aclarara quién era el representante legal del señor Torres. A raíz de no responderse lo anterior ni anunciarse una nueva representación legal, le fue anotada la rebeldía al señor Torres. Cónsono con la moción por derecho propio presentada por el señor Torres, se desprende que éste no fue debidamente orientado por el licenciado Vélez Concepción, pues el señor Torres

---

[3]Véase, <u>In re García Ortiz</u>, 198 DPR 432, 445 (2017). (acorde con lo que dispone el Canon 20, es el abogado quien debe solicitar la renuncia al tribunal si se percata que no puede continuar rindiendo un servicio competente.)

entendía que aún contaba con su representación legal. Más importante aún, el licenciado Vélez Concepción no se cercioró de que el tribunal autorizara su renuncia.

Una vez establecido que el licenciado Vélez Concepción violó los Cánones 18 y 20 del Código de Ética Profesional, *supra,* procedemos a determinar la correspondiente sanción disciplinaria. A tales efectos, debemos considerar los siguientes factores: (1) la reputación del abogado en su comunidad; (2) su historial; (3) si es su primera falta; (4) si ninguna parte resultó perjudicada con su proceder; (5) la aceptación de la falta y su arrepentimiento; (6) si es un comportamiento aislado; y (7) cualquier otra consideración, ya sea atenuante o agravante, que surja de los hechos particulares del caso. In re Otero Calero, supra; In re López Santiago, supra; In re Rivera Grau, 196 DPR 522, 539 (2016).

En el caso ante nuestra consideración, la inacción del licenciado Vélez Concepción fue un factor determinante para que su cliente se quedara desprovisto de representación legal y, finalmente, se le anotara la rebeldía. No obstante, debemos reconocer que tal resultado tuvo otros elementos, como la inacción de los otros abogados involucrados y del propio señor Torres. Por consiguiente, la actuación del licenciado Vélez Concepción incidió en la anotación de la rebeldía de su cliente, pero no fue el único causante de tal resultado. Asimismo, destacamos que, al momento de dictarse la sentencia en

rebeldía, el señor Torres contaba con otra representación legal. A su vez, el licenciado Vélez Concepción aceptó los hechos, pero, a pesar de que no asumió responsabilidad por los mismos, reconoció que no actuó correctamente al delegar en el cliente la responsabilidad de presentar la moción de relevo de representación legal. Por último, el licenciado Vélez Concepción tiene otra queja en su contra pendiente, dado que está paralizada en virtud de una acción civil (AB-2011-150).[4]

Al evaluar los anteriores factores y acorde con la recomendación del Comisionado Especial, concluimos que procede imponerle al licenciado Vélez Concepción una suspensión del ejercicio de la abogacía por el término de **tres meses**.

**IV**

Por los fundamentos que anteceden, suspendemos inmediatamente al Lcdo. Nelson V. Vélez Concepción del ejercicio de la abogacía y la notaría en Puerto Rico por el término de tres meses.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación

---

[4]En su Informe, el Comisionado Especial indica que en la vista se presentó prueba de la buena reputación del licenciado Vélez Concepción.

de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Nelson V. Vélez Concepción y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Nelson V. Vélez Concepción.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Lcdo. Nelson V. Vélez          CP-2016-15
Concepción
(TS-15,043)


SENTENCIA

San Juan, Puerto Rico, a 12 de septiembre de 2018.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediatamente al Lcdo. Nelson V. Vélez Concepción del ejercicio de la abogacía y la notaría en Puerto Rico por el término de tres meses.

En consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Nelson V. Vélez Concepción y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Además, en virtud de esta suspensión, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                                    Juan Ernesto Dávila Rivera
                                      Secretario del Tribunal Supremo